SUPREME COURT

## WESTERN DISTRICT, PITTSBURGH, 1852.

## Erie *versus* Tracy.

1. The compulsory arbitration law has place only in actions pending at the time the rule is entered, or the reference agreed upon, and an appeal, such as is contemplated by the statute, can exist in no other.

2. At common law, either party may revoke a submission, even though contrary to his express agreement, at any time before the award is made.

ERROR to the Court of Common Pleas of *Erie county.*

The borough of Erie was indebted to John A. Tracy for certain work, about which a controversy had arisen, and the parties entered into the following amicable submission :—

"*John A. Tracy* v. *The Burgess and Town Council of the borough of Erie.* In the Court of Common Pleas of Erie county. Amicable action.

"And now to wit, 24th Nov. 1849. It is agreed to submit all matters in variance between the parties, growing out of the contract for the filling out of the State Street road to public pier, be submitted to Joseph Henderson, Wilson King, and David Himrod, who or a majority shall report an award, after duly considering all matters claimed in the shape of damages or otherwise, by either or both parties. The amount found due, if any, to the said John A. Tracy, to be paid in the bonds of the borough, according to the terms of the contract. Either party having the right to appeal to the Court of Common Pleas, by so signifying the wish and intention to do so, and causing this amicable action and the award on the same to be filed in the said court, within twenty days after the award is made and delivered, and filed in the office of the Borough and Town Council aforesaid. Witness the hands and seals of the said Burgess and Town Councils, and the said John A. Tracy.

JOHN A. TRACY,     [L. S.]
A. W. BREWSTER,     [L. S.]
JAMES SKINNER,     [L. S.]
C. M'SPARREN,     [L. S.]
P. ARBUCKLE,     [L. S.]
T. G. COLT,     [L. S.]
JOHN PINKNEY,     [L. S.]"

After hearing, the arbitrators awarded to John A. Tracy $2828.21 to be paid in the bonds of the borough, and attached the same to the amicable submission, November 30, 1849.

On the first day of December, 1849, the town clerk sent

HARVARD LAW LIBRARY

[*Erie v. Tracy.*]

the papers with the following note to the Prothonotary of the Common Pleas, which was filed on the same day, as an appeal from the award of the arbitrators.

"SIR—Please file in the Court of Common Pleas the above stated amicable action according to the terms of the agreement, and enter it of record to next term. By order of the Burgess and Town Council.        JAS. C. REID, Town Clerk. Dec. 1, 1849."

April 30, 1852, John A. Tracy obtained a rule to show cause why the appeal should not be quashed, which was made absolute July 31, 1852, and defendants took this writ of error, and complain that the court erred in quashing the appeal.

*Babbitt*, for plaintiff in error.—1. This was an arbitration at common law, and not in court at all, till brought by defendants, and filed *as an appeal.* The appeal was in accordance with the stipulations of the agreement in respect to the *mode* of appealing from the award.

2. The motion to quash came too late.

*Thompson & Grant* and *Walker* for defendant in error.—The question is, has the defendant appealed in this case? We say the defendant has not appealed,

1. Because Mr. Reid, the clerk, was not authorized to appeal.

2. Because the defendant, Mr. Reid, nor any one else, has ever signified an intention to appeal.

3. Because the dissatisfied person to appeal must file the amicable action in court, and signify an intention to appeal, *and then, and then only, can appeal.*

To appeal there must be,

1. An affidavit.

2. All the costs must be paid.

3. The appellant must enter into a recognizance.

In this case there were no affidavits made—no costs paid—no recognizances entered into; and referred to *Beers* v. *West Branch Bank,* 7 W. & S. 365; Dunlop's Dig. 1035; Act of 20th March, 1845; Act of 13th April, 1846, 2d sec.; *Merritt* v. *Smith,* 2 Barr, 161.

The opinion of the court was delivered October 7, 1852, by

LEWIS, J.—The compulsory arbitration law has place only in actions pending at the time the rule is entered, or the reference agreed upon; and an appeal, such as is contemplated by the statute, can exist in no other. But to give to the term "appeal," as used in the agreement before us, a technical appli-

[Erie *v.* Tracy.]

cation to proceedings under that law, when the whole argument shows that the parties were not proceeding under the statute, and used the word in no such sense, would indeed be sticking in the bark. The provision to secure a trial by jury upon other terms than those required to secure an appeal under the statute, was in perfect harmony with the other parts of the agreement. The parties made no provision in their agreement, for the service of process, the payment of costs, entering into recognizance of bail, or making affidavit; and therefore the amicable action stands, and the parties are in court by virtue of their own agreement, without any of these preliminary steps. It is clear that the parties have not agreed that the award shall be final. On the contrary, their agreement is directly the reverse. Under these circumstances, to conclude them by the award, might produce gross injustice, and would certainly be a palpable violation of their contract. Although unskillful in putting their proceedings into form, they have expressed their purpose in language too plain to be misunderstood. And their object may be accomplished without any serious disrespect for the formalities of the law.

By the common law, either party may revoke a submission, even though contrary to his express agreement, at any time before the award is made; and there is no rule of law which prevents an extension of the time for revocation by mutual consent. This is all that was done in the present case. The right of revocation was extended for twenty days, upon the terms prescribed, and the terms were proper and appropriate to the object. The dissatisfied party was required to signify his intention, so that the other should have notice, and to file the agreement for an amicable action, in order that the controversy might be settled by due course of law.

The plaintiff in error has complied with these terms. The award therefore falls to the ground with the submission, and nothing remains but the amicable action. As the award was thus nullified, strictly speaking, there was no appeal upon which the order of the court quashing the appeal could operate; but as it is understood to be a final judgment, which arrests the further proceedings in the cause, it is reversed, and a *procedendo* awarded.

Judgment reversed, and *procedendo* awarded.

Mr. Justice WOODWARD dissented.