## Davison's Appeal.

1. The interest of a married woman in real estate cannot be divested except in the manner pointed out by statute, and she cannot be estopped by acts or declarations, which, in the case of a feme sole, would operate as an estoppel.

2. Where land charged with dower is sold on a judgment immediately subsequent to the charge, the arrears of dower due at the time of the sale are discharged thereby: Dickinson *v.* Beyer, 6 Norris 274, followed.

October 11th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1880, No. 139. In Equity.

Thomas Chadwick died in March 1854, leaving a will, which, inter alia, contained the following provision:—

"I do will that my wife, Jane Elizabeth Chadwick, receive one-third of the proceeds of my entire estate as long as she lives, and that the balance of my estate be equally divided between my four children, Mary Emma, James Madison, Caroline Catharine and Jane Elizabeth Chadwick, when they arrive at age, and it is my desire that the family all live together."

The land was afterwards divided among the four children. Mrs. Chadwick intermarried with Henry B. Stotler and moved from the premises.

In May or June 1875, Mrs. Jane E. Landwehr, formerly Jane

[Davison's Appeal.]

E. Chadwick, and her husband applied to John S. Davison for a loan of $4000 for the purpose of lifting some encumbrances on the land, and offered as security for said loan a mortgage on her land aforesaid.  Mr. Davison referred the matter to his attorney for examination of title, who prepared a paper for Mrs. Stotler and her husband to sign, releasing her interest in the premises in controversy.  Mrs. Stotler objected to signing the paper because it was a general release of her dower or claim upon the land.  She said, however, that she would make no claim against the mortgage that was about to be negotiated to Mr. Davison.  Mr. Stotler, her husband, was present and assented to this arrangement.

The land having been sold on the mortgage and purchased by Davison, Mrs. Stotler filed a bill in equity to recover her dower. Davison filed an answer, and the case was referred to a master, William A. Stone, Esq., who found substantially the above facts. The remaining material facts will be found in the opinion of this court.

*Thomas C. Lazear*, for appellant.—It would hardly be denied under the facts, that Mrs. Stotler would be estopped from setting up the claim she now makes, if she had been unmarried at the time the loan was negotiated.  No clearer case of an equitable estoppel could be imagined as against a person *sui juris*.  The question then presents itself: Does the fact of coverture alter the case so as to enable Mrs. Stotler, with the assistance of her husband, to commit a fraud which she would not be allowed to do if she had remained a widow?  The benefit which her daughter received in this loan, at her solicitation, was a consideration which really inured to the mother's advantage.  And why, then, should she not be held to the arrangement, on the same principle which led to the decision of this court in Patterson v. Robinson, 1 Casey 81, where a judgment confessed by a married woman for purchase-money was determined to be good, as against the land sold to her.  It was said in that case that the disability of coverture was intended to be a shield—not a weapon for mischief.  See Ramborger v. Ingraham, 2 Wright 146 ; Glass v. Warwick, 4 Id. 140 ; Fulton v. Moore, 1 Casey 476 ; Couch v. Sutton, 1 Grant 114; McCollough v. Wilson, 9 Harris 436; Snively v. Wright, 2 Ohio 506;  Connelly v. Branstler, 3 Bush (Ky.) 702;  Cooley v. Steele, 2 Head (Tenn.) 603; Carpenter v. Carpenter, 10 Evans 194.  Glidden v. Strupler, 2 P. F. Smith 400, on which the master based his decision, is clearly distinguishable from this case.

In no event can Davison be made to respond for proceeds which accrued before he became the owner of the property, whatever might be the liability of his co-defendants, Mr. and Mrs. Landwehr, in that respect.  For if Davison is liable at all to account to plaintiff for such proceeds, it is only on the ground that he became a trustee for Mrs. Stotler for her share of what he actually received:

Paul *v.* Paul, 12 Casey 282.   But the decree recommended by the
master and adopted by the court below extends this liability back
to February 22d 1866, when Mrs. Stotler was married a second
time, disregarding even the Statute of Limitations.

*Robb & Fitzsimmons*, for appellees.—Mrs. Stotler was not bound
by her agreement and was not estopped from claiming her interest
in the land: Glidden *v.* Strupler, 2 P. F. Smith 400 ; Ulp *v.*
Campbell, 7 Harris 361 ; Peck *v.* Ward, 6 Id. 506 ; Darlington's
Appeal, 5 Norris 517.   The bill in this case was filed October
18th 1877.   The statute cannot be a bar, as the claim is only for
arrears of dower until 1866.   If the heir sell the land, the widow
will be entitled to damages against the tenant from the time of her
husband's death, although the tenant may not have been so long in
possession : Seaton *v.* Jamison, 7 Watts 533 ; Clark *v.* O'Donaghy,
7 Johns. 247 ; Winder *v.* Little, 1 Yeates 152 ; Lyle *v.* Richards,
9 S. & R. 368 ; Thompson *v.* Morrow, 5 Id. 289 ; Shirtz *v.* Shirtz,
5 Watts 255.

Mr. Justice STERRETT delivered the opinion of the court, Oc-
tober 18th 1880.

The learned master was clearly right in deciding that the will
of Thomas Chadwick gave his widow, now Mrs. Stotler, one of the
appellees, the same interest in the real estate of which he died
seised, as she would have been entitled to under the intestate law.
In the second paragraph of his will he directs that his widow shall
receive one-third of the proceeds of his entire estate as long as she
lives, and that the residue of his estate should be equally divided
among his four children.   If he had died intestate she would have
taken, under the law, " one-third part of the real estate for the
term of her life."   The devise of " one-third of the proceeds,"
&c., gave her precisely the same interest in the land : Carlisle *v.*
Cannon, 3 Rawle 488.   Inasmuch then, as her interest in the real
estate was the same, whether she took under the will or under the
intestate law, it was wholly unnecessary for her to make any elec-
tion in regard to it ; and the principle applies that, where the
interest under both is the same the devisee takes under the intestate
law rather than under the will.   Mrs. Stotler was, therefore,
invested with that interest in the land which the law gives to the
widow of an intestate who dies leaving issue.   Was that interest
divested ?   The master found that when the money was loaned by
appellant to Mrs. Landwehr, and the mortgage taken to secure the
same, Mrs. Stotler agreed verbally that she would not assert any
claim prejudicial to the mortgagee.   Based upon this fact, the con-
tention of appellant was, that inasmuch as he had purchased the
land at sheriff's sale under the mortgage, Mrs. Stotler was bound
by her agreement, or at least was estopped thereby from setting up

[Davison's Appeal.]

any claim to the land as against him. This proposition was rightly held to be untenable; that, being a married woman, Mrs. Stotler's interest in the real estate could not be thus divested; that she was not bound by her agreement, nor was she thereby estopped from claiming her interest in the land. This conclusion was undoubtedly correct, and is abundantly fortified by authority. While a different rule has been recognised in some of our sister states, it has been settled in this state by an unbroken line of decisions, that the interest of a married woman in real estate cannot be divested except in the mode pointed out by our statute, and that she cannot be estopped by acts or declarations, which in the case of a feme sole would operate as an estoppel : Peck *v.* Ward, 6 Harris 506 ; Ulp *v.* Campbell, 7 Id. 361 ; Glidden *v.* Strupler, 2 P. F. Smith 400. It follows, therefore, that she was entitled to a decree; but, should it have included the arrears due her at the date of the sheriff's sale ? We think not. Appellant's mortgage, on which the property was sold, appears to have been the first lien on the land after the widow's interest was acquired, and the effect of the sale was to divest the amount due her and in arrear at that time. In Wertz's Appeal, 15 P. F. Smith 306, it was decided that where the owner of land charged with a widow's thirds mortgaged it, and afterwards a judgment was recovered against him, under which the land was sold, there being then arrears of interest due the widow, the purchaser took subject to the arrears of interest as well as to the mortgage. The reason for the rule announced in that and kindred cases is, that a mortgage intervened between the estate, or charge out of which the arrears were payable, and the judgment under which the sheriff's sale was made. But, where, as in the present case, no mortgage intervenes, the arrears of dower, capable of ascertainment, are divested and thrown upon the fund produced by the sale; and it is the duty of those interested to see that the property sells for sufficient to cover such arrearages. This principle is distinctly recognised in Dickinson *v.* Beyer, 6 Norris 274, in which the authorities are collected, and the distinction existing between the different classes of cases clearly pointed out. It is unnecessary to do more than to refer to the opinion in that case for a full and lucid exposition of the law on the subject. Land charged with dower had been sold on a judgment immediately subsequent to the charge, and it was held that the arrears due at the time of the sheriff's sale were discharged thereby.

From what has been said it follows that the amount due Mrs. Stotler at the time of the sheriff's sale should not have been included in the decree. In other respects we discover no error.

> Decree reversed, and it is now adjudged and decreed that Henry B. Landwehr, Jane E. Landwehr and John S. Davison, pay to Jane E. Stotler $89.20, in full of her damages for detention of her dower, or interest in the

[Davison's Appeal.]

nature of dower to October 1st 1880, and that on October 1st 1881, and annually on the first day of October in each and every year thereafter, during the life of the said Jane E. Stotler, the said defendants pay to her the sum of $40; and that payment of the said several amounts be enforced by execution in the nature of a levari facias against the seventeen acres and one hundred and forty-one perches of land only, as described in the fourth section of the plaintiff's bill; and that the said defendants pay the costs in the court below including the master's fee fixed by the court; and that the appellees pay the costs of this appeal.