C. B. STIVERS v. B. F. TUCKER ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 15, 1889—Decided April 29, 1889.

A married woman's title to real estate is not divested by a contract of sale, signed by herself and husband, but not acknowledged by her according to the provisions of the statute; nor is she estopped by acts and declarations which would operate as an estoppel were she a feme sole.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

No. 64 July Term 1888, Sup. Ct.; court below, No. 202 February Term 1884, C. P.

On February 6, 1884, B. F. Tucker and Stella, his wife, in her right, and Robert Shoemaker, as heirs of Susan Frederick, deceased, brought an action of ejectment against Chester B. Stivers, to recover a tract of land in Hanover township.

At the trial on January 18, 1888, the plaintiffs put in evidence a deed dated May 10, 1858, by Calvin Wadhams, administrator of Daniel Kreidler, to Susan Frederick, proved the death of Susan Frederick, and that the plaintiffs were her only heirs, and rested.

To show title in himself, the defendant offered in evidence an article of agreement dated April 16, 1868, between Charles Frederick and Chester B. Stivers, witnessing, that Charles Frederick .agreed to sell and convey a certain described tract of land, which was the land in dispute, to Chester B. Stivers, for which said Stivers agreed to pay to said Frederick the sum of $250 within twelve months, on payment of which in full a deed was to be delivered. This agreement was under seal and signed by Charles Frederick and Susan Frederick, and indorsed upon it was a receipt dated April 16, 1868, for $5 on account, the receipt being signed by Charles Frederick alone.

. The plaintiffs objected to the admission of the contract, on the ground, (1) that it was the contract of a married woman, and unacknowledged; (2) that it did not purport to be the

contract of Susan Frederick; (3) that the contract was not executed by the defendant.

The defendant then proposed to follow the offer with evidence that possession of the land was taken in pursuance of the contract, and improvements had been put on the land to the value of $3,000; that the possession was taken and the improvements made with the knowledge and acquiescence of Charles and Susan Frederick, and especially with the knowledge and consent of Susan Frederick; and that the defendant, in pursuance of the contract, had remained in possession of the premises with such knowledge, consent and acquiescence from the time of the contract to the bringing of the suit.

By the court: Objections sustained, offer refused; exception.[1]

The defendant then offered to prove by W. S. Coulter, a witness called, that Susan Frederick had stated to him that she had sold the property in dispute to Chester B. Stivers; the quantity of land sold and the consideration to be paid for it; that she was present at a survey of the land for Stivers, fixing the metes and bounds and corners; that she lived on property adjoining the property in dispute, at the time of the sale and up to the time of her death, which was within two years; that Stivers made certain improvements upon the land and had occupied it from that day to this; to be followed by the testimony of other witnesses to the same effect.

Objected to, that as Mrs. Frederick was a married woman at the time of the contract and up to the time of her death, her title to real estate could be divested only in the manner pointed out by the statute, namely, by joining with her husband in the contract and by her separate examination and acknowledgment; and that she could not be estopped by acts in pais.

By the court: Assuming that the defendant can prove all that he offers to prove in this connection, it still would not, under the authorities in this state, serve as an estoppel and validate the alleged parol sale by this married woman, in the manner and for the purpose suggested by the defendant. It would be of no service, therefore, to admit this evidence at this time. Objections sustained, offer refused; exception.[2]

The court, RICE, P. J., reviewed the testimony and directed

Opinion of the Court.

the jury to find a verdict for the plaintiffs for the land described in the writ.[3]

The jury returned a verdict for the plaintiffs. Judgment having been entered, the defendant took this writ, assigning as errors:

1, 2. The refusal of defendant's offers.[1][2]

3. The direction to find for the plaintiffs.[3]

*Mr. G. L. Halsey*, for the plaintiff in error.

*Mr. H. W. Palmer*, for the defendants in error.

PER CURIAM:

It is not contended that Susan Frederick ever sold or conveyed the property in dispute. It is true she signed the agreement of April 16, 1868, but in a legal sense she was not a party to it; she made no covenant and would not have been bound thereby if she had, by reason of her coverture. It was alleged, however, that she was estopped from denying the defendant's title because she knew that possession of the land was taken in pursuance of the contract, and that the improvements were made, not only with her knowledge, but with her acquiescence. I have never yet known an instance in this state where a married woman has been estopped or improved out of her real estate. It has been frequently attempted without success. Among such failures may be mentioned Glidden v. Strupler, 52 Pa. 400; Quinn's App., 86 Pa. 447; Buchanan v. Hazzard, 95 Pa. 240; Innis v. Templeton, 95 Pa. 262; Davison's App., 95 Pa. 394. In the case last cited, the rule is thus stated: "It has been settled in this state by an unbroken line of decisions, that the interest of a married woman in real estate cannot be divested except in the mode pointed out by our statute, and that she cannot be estopped by acts and declarations which in the case of a feme sole would operate as an estoppel."

Judgment affirmed.