167  217
188  509

## Robert Huston's Estate.  Oscar Huston's Appeal.

*Decedents' estates—Evidence—Book entries.*

At the audit of an administrator's account a claim was made to surcharge the accountant for the amount of a debt alleged to be due by a son of decedent to his father which the accountant had failed to collect. The testimony showed that the only evidence of the debt was contained in a ledger of decedent, the entries in which did not purport to be original entries, as some of them referred to other books not produced, and many of them were not in chronological order. The son disputed the debt, and accountant's attorney advised that it would be useless to bring suit to recover it. The son was present at the audit, and was silent while the question of his indebtedness to the estate was discussed. *Held*, (1) that it was error to surcharge the accountant with the amount of the alleged debt; (2) that the presence and silence of the son at the audit did not justify the court in setting off the alleged debt against his share in his father's estate.

Argued March 12, 1895.  Appeal, No. 13, Jan. T., 1895, by Oscar Huston, from decree of O. C. Monroe Co., dismissing exceptions to adjudication.  Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.  Reversed.

Exceptions to adjudication

The case was referred to Cicero Gearhart, Esq., as auditor, who reported in part as follows:

" The books of the decedent were produced before the auditor by the administrators, and on the examination of the account therein contained as to debits and credits of Oscar Huston, a balance appears to be due from the said Oscar Huston to the decedent of $2,070.26.

" From the evidence had before the auditor, it appeared that the accountants requested settlement from said Oscar Huston of his indebtedness to the estate as shown by decedent's books,

but that the said debtor failed and refused to do so; that the accountants consulted their counsel Hon. John B. Storm in relation to the matter and were advised not to bring suit for the collection of the same, as in his opinion the account was such as could not be collected by suit; that they, the accountants, consulted the other heirs, when it was agreed that Oscar's account should be left till the last, and left to an auditor or some one appointed to look over the books and decide. From these facts the auditor does not surcharge the accountants with said balance of $2,070.26, believing that the accountants did all that prudent men would do to secure this balance to the estate, and therefore discharged their duty. Oscar Huston was present at the hearing of the audit when this question of his indebtedness to the estate was discussed, heard that the books showed a large balance due from him to his father, the decedent, and made no objections. The auditor therefore decides to set off this balance, $2,070.26, shown by said books to be due the decedent from the said son Oscar against his share in the estate as an heir, and as this balance is considerably greater than his share in the present distribution, the whole fund for distribution is distributed to the remaining heirs."

Other facts appear in the opinion of the Supreme Court.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*W. A. Erdman,* for appellant.—If the plaintiff's case was not proved the silence of the defendant did not help it: American Underwriters' Association v. George, 97 Pa. 238.

The copy of the book entries shows that the book was incompetent for any purpose for the several reasons alleged by the counsel for the administrator: Nichols v. Haynes, 78 Pa. 174; Corr v. Sellers, 100 Pa. 169; Shoemaker v. Kellogg, 11 Pa. 310; Stuckslager v. Neel, 123 Pa. 53; Gibbon's Est., 1 Leg. Gaz. 29.

The finding of an auditor if not supported by the evidence will be set aside or disregarded: Speakman's App., 71 Pa. 25; Sawtelle's App., 84 Pa. 309; Breneman's Est., 65 Pa. 299; Harbison's Est., 145 Pa. 456.

*John B. Storm,* of *Storm & Palmer, Charles B. Staples* with him, for appellee.—Entries made by a father in a book are evidence of advancement: Hengst's Est., 6 Watts, 86; Oller v. Bonebrake, 65 Pa. 338; Auchy's Est., 7 Montg. C. L. R. 21; Storey's App., 83 Pa. 89; Dickinson's Est., 148 Pa. 142.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 1, 1895:

If the question of Oscar Huston's alleged indebtedness to his father's estate had been properly raised before the learned auditor, and the fact of its existence and the amount thereof had been established by competent evidence, there would have been no error in setting off the same, or part thereof, against Oscar's distributive share in his father's estate; but no offer was made to prove such indebtedness for that purpose, nor was there any evidence before the auditor sufficient to justify him in finding such indebtedness for any purpose.

Standing alone and unsupported by any other testimony, the so-called " book account . . . . against Oscar Huston as contained in the ledger of Robert Huston," was incompetent for either purpose. It does not purport to be a book of original entries. On the contrary, many of the entries therein are not in chronological order, and some of them evidently refer to other books, not produced, and in regard to which no explanation appears to have been given.

The question of appellant's alleged indebtedness arose on exceptions to the account of the administrators, filed for the purpose of surcharging said accountants with the amount thereof. This, of course, was resisted by them; and one of them testified in substance that Oscar denied owing the estate anything; and further, that on account of the condition of decedent's books, they were advised by their attorney not to bring suit on the account, " as they would be beaten." In this he was corroborated by the attorney referred to, who testified in substance that he advised against the appraisement of the account, because on its face it was such as could not be collected, and, learning also that Oscar disputed the account, he advised against bringing suit.

In view of this and other testimony the auditor refused to surcharge the accountants with the alleged balance claimed to be due by Oscar Huston to the estate; but he proceeded to say

that Oscar " was present at the hearing of the audit when this question of his indebtedness to the estate was discussed, heard that the books showed a large balance due from him to his father . . . . and made no objections.   The auditor therefore decides to set off this balance, $2,070.26, shown by said books to be due the decedent from the said son Oscar against his share as an heir ; and as this balance is considerably greater than his share in the present distribution, the whole fund for distribution is distributed to the remaining heirs."   This conclusion, as we have seen, is unwarranted by any evidence in the case, unless the fact of appellant's presence at the audit and his silence while the question of his indebtedness to the estate was discussed can be construed as an admission of said indebtedness by him. In view of the fact that the discussion referred to was solely in relation to the attempted surcharge of the administrators, it cannot be possible that appellant's presence and silence will justify any such conclusion as that drawn by the auditor.   It was wholly unwarranted ; and the exception recited in the first specification should have been sustained.   In so far as the remaining assignments of error involve the same erroneous conclusion, they are also sustained.

Decree reversed with costs to be paid by the appellees ; and it is ordered that the record be remitted to the court below with instructions to distribute the fund in accordance with this opinion.