. Mickle C. Paul, trading as Paul Brothers, *v.* Anna Kunz, Appellant.

*Husband and wife—Estoppel—Declaration of husband—Married woman —Silence.*

When a married woman is not subject to a legal duty to speak, and her right to her personal estate is not called in question, mere silence on her part will not estop her to claim the property.

The wife, being legally subject to the husband, and under his control, is not the same free agent as an independent third person, and, therefore, is not subject to an inference from her mere silence such as would affect a third person. Therefore when her husband makes a general declaration in her presence that he owes nobody, her silence does not estop her to afterwards allege and enforce her indebtedness as against others who became creditors more than a year afterwards, but who did not contemplate becoming creditors when the declaration was made.

Argued March 24, 1898. Appeal, No. 486, Jan. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1894, No. 282, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Reversed.

Feigned issue to determine the ownership of a fund raised by a sheriff's sale of personal property. Before WILLSON, J.

The evidence showed that in 1889 a business was started on Frankford avenue in the city of Philadelphia, in the name of A. (Anna) Kunz; that the said Anna Kunz had commenced and carried on the business with money which she had received from the settlement of her father's estate; that in February, 1893, the business was changed to P. Kunz; that on May 11, 1894, the said P. Kunz confessed judgment in favor of his wife, the said Anna Kunz, the appellant, for the value of the goods in the business in February, 1893, when the transfer was made. Under this judgment a fi. fa. was levied on the husband's per-

sonal property. Appellee attached the same property under the act of 1869. A feigned issue was awarded between the appellant and the appellee to determine the ownership of the fund raised by the sheriff's sale.

Appellee contended that appellant was estopped from obtaining the fund as against them because, shortly after the time she said she sold the business to her husband, appellee's salesman had inquired of her husband what the change of the sign from A. Kunz to P. Kunz meant, and he said that the business had always been his and that he owed no money to any one, and that appellant was present and did not dispute his statement.

The court charged as follows:

It is alleged, however, that at the time of the change of the business some representatives of the creditors went there and made inquiry in regard to the reasons for the change, and that then, in her presence, Peter Kunz said that the old business had been his, and that he owed nobody, and that from that time the business was going on in his own name. Now, if you think that the wife stood by at such a time, and heard him say that the business was his, had been his, and that he owed nobody at that time, and that the business after that was conducted upon the basis of such a statement, and that credit was given to him by the plaintiff upon the faith of such a statement, made in her presence and heard by her; the statement being made so that she could not have failed to understand it, and she allowed that statement to go unchallenged, and the credit was given for whatever was due subsequently to the plaintiff upon the basis of such statement, then I think she must be regarded as having been a party to a fraudulent attempt to impose upon the creditors, and must be estopped from setting up her claim as against them. But you will bear in mind upon that point that, before a person can be regarded as bound to speak and deny a statement, that statement must be specific and clear. It must appear clearly to your satisfaction that she heard her husband say that the business had been his; that he had simply changed the name, that he did not owe anybody, and that upon the faith of such statement the credit was subsequently given.

Verdict and judgment for plaintiff for $1,552.59. Defendant appealed.

*Error assigned* was portion of the charge above quoted.

*Alex. Simpson, Jr.*, with him *Charles Knittel*, for appellant.
—Silence is equivalent to acquiescence only when there is a
duty to speak: Danner's App., 148 Pa. 159; Huston's App.,
167 Pa. 217.

In order to affect a person by conversations made in his pres-
ence, they must be made to him in such a manner as requires
him to deny, or by his acquiescence to admit them: Moore v.
Smith, 14 S. & R. 388; Bigelow on Estoppel (4th ed.), 575.

The law is not so unreasonable as to put family peace against
property rights, but is equally careful to preserve both. The
doctrine of estoppel by silence is founded on the paramount
duty to speak; but here there was no paramount duty, and
hence the rule has no application: Lahr's App., 90 Pa. 511;
Endlich & Richards on Married Women, 301; Evans v. Evans,
155 Pa. 578.

*George E. Johnson*, with him *C. Wilfred Conard*, for appellee.
—It has always been held that silence, under circumstances
which would challenge a person to speak, is a tort, and equiva-
lent to actual misrepresentation, and that it works an estoppel
upon such person afterward to allege as against any person ac-
tually misled by such silence a different state of facts as actually
existing: Logan v. Gardner, 136 Pa. 588; Logan v. Gardner,
142 Pa. 442.

It is well settled at common law that a married woman is es-
topped by her torts; and consequently her silence, when she
should have spoken, will estop her against a person who has
been misled by such silence: Bigelow on Estoppel, 602; Young
v. Senft, 153 Pa. 352; Mowers v. Shronk, 3 Phila. 443; Lind-
ner v. Sahler, 51 Barb. (N. Y.) 322; Couch v. Sutton, 1 Grant,
114; City Councils v. VanRoven, 2 McCord (S. C.), 465; Wright
v. Arnold, 14 B. Mon. (Ky.) 513; Hopkins v. Joyce, 78 Wis.
443.

Misrepresentations by married women or acts which will mis-
lead another always estop her: Powell's App., 98 Pa. 403;
Welsh v. Oates, 9 Phila. 154; Bigham's App., 123 Pa. 262;
Holz v. Belden, 4 W. N. C. 573; Hunt v. McCartney, 4 Kulp,
187; Fulton v. Moore, 25 Pa. 468.

The power vested in a married woman by the acts of 1848 and 1887 to contract and dispose of her personal property carries with it the corresponding burdens and liabilities respecting their exercise that are imposed on persons sui juris: Endlich and Richards on Married Women, sec. 230; Grim's App., 105 Pa. 375; Bovard v. Kettering, 101 Pa. 181; McCullough v. Wilson, 21 Pa. 436; Brown's App., 94 Pa. 362; Williamson v. Jones, 27 S. E. Rep. 411.

OPINION BY MR. JUSTICE GREEN, November 14, 1898:

There is but one specification of error in this case, and it raises the question as to whether a married woman is estopped by her silence when in her presence her husband makes a general declaration that he owed nobody, she claiming that at that time he was indebted to her. It must be borne in mind that the declaration was not made to one from whom the husband was about to buy goods, and it was the fact, as appears from the counter statement, that the debt of the plaintiff was not contracted until more than a year after the declaration. In such circumstances much doubt would arise as to the application of the doctrine of estoppel, even as to persons sui juris. But passing that by, we think the learned trial judge, unwittingly, of course, omitted to consider the effect of the relation of husband and wife between the parties, in what he said to the jury on the question of estoppel. The testimony has not been printed, and is not before us, but the legal accuracy of what was said by the court can be determined from the facts assumed in the comments of the court. Substantially the learned judge said to the jury that if the wife stood by and heard her husband declare to the person he was addressing that he owed nobody, and made no assertion of her own claim of indebtedness against her husband, she would be estopped from alleging such indebtedness against one who had sold goods to the husband on the faith of that declaration. In this we think there was error. The wife being legally subject to the husband, and under his control, is not the same free agent as would be an independent third person, and therefore would not be subject to an inference from her mere silence such as would affect a third person. It can hardly be considered that she would be subject to a legal duty to contradict her husband and practically declare him a

falsifier when making such an assertion, her own claim of indebtedness not being called in question. She is bound to render him obedience and respect, and to avoid strife and contention. The character and legal consequence of their relation is thus expressed in Lahr's Appeal, 90 Pa. 507: "Their unity, his headship, his power and influence over her, are facts as distinctly recognized in the statutes as in the common law. Therefore, he cannot convey or encumber her property, save as authorized by statute, and very rarely, if at all, will her silence or acts in the presence of her husband operate as an estoppel." While she may be bound by her positive acts or actual declarations by way of estoppel, her mere silence when in the presence of her husband and his affairs are being discussed does not necessarily have that effect. It was said in Davison's Appeal, 95 Pa. 394, and repeated in Stivers v. Tucker, 126 Pa. 74, that a married woman "cannot be estopped by acts and declarations which in the case of a feme sole would operate as an estoppel."

It is also to be considered that in the conversation in question which took place between her husband and a person who represented a firm which, more than a year later, became a creditor of the husband, the declaration of the husband was of a mere general character, and not specific as to her or her rights. It is thus stated in the charge of the court, "it is alleged, however, that at the time of the change of the business, some representatives of the creditors went there and made inquiry in regard to the reasons for the change, and that then in her presence Peter Kunz said that the old business had been his and that he owed nobody, and that from that time the business was going on in his own name." The learned judge then charged that if in those circumstances she stood by and heard what was said, and she allowed the statement to remain unchallenged, and the credit was given for whatever was due subsequently upon the basis of such statement, then she must be regarded as a party to the fraud and estopped from setting up her claim. While it may be conceded that if her own claim of indebtedness against her husband had been directly in question, and she had denied any such indebtedness, she would have been bound by her denial, yet here nothing of that kind occurred. Indebtedness to her was not even a subject of conversation between the other parties. Her claim was not challenged in any manner. A gen-

eral declaration of the husband of no indebtedness did not impose a duty upon the wife to disclose her claim to a stranger, especially as he was not at that time proposing to become a creditor, or making inquiry with reference to an immediate sale of goods. It is perfectly well settled law that silence is equivalent to acquiescence only when there is a duty to speak: Danner's Appeal, 148 Pa. 159; Huston's Appeal, 167 Pa. 217. It has been many times ruled by this court that a married woman cannot be divested of her real estate by means of estoppel no matter what the circumstances were : Glidden v. Strupler, 52 Pa. 400; Quinn's Appeal, 86 Pa. 447; Buchanan v. Hazzard, 95 Pa. 240; Innis v. Templeton, 95 Pa. 262; Davison's Appeal, 95 Pa. 394; Stivers v. Tucker, 126 Pa. 74. It is difficult to see why she should be deprived of her personal estate by estoppel by mere silence, when she was not subject to a legal duty to speak, and her right to that personal estate was not called in question. We feel obliged to sustain the assignment of error in this case.

Judgment reversed and new venire awarded.