## Hatcher v. Hatcher, Appellant.

*Trusts and trustees—Trustee ex maleficio—Fraud—Conveyance by mother to son—Act of April 22, 1856, P. L. 533—Statute of frauds—Verbal promise as to real estate.*

1. Where a mother, to protect herself from liabilities which she might incur for a son, executes a deed of real estate to another son, under an oral agreement that he would reconvey the property to her on demand, and the grantee admits that the understanding between him and his mother at the time she executed the deed,

was that he should hold the title for her protection, and not as the absolute owner of the property, the grantee who refuses to reconvey holds the premises as trustee ex maleficio for his mother under the Act of April 22, 1856, P. L. 533, and after the death of his mother he must convey the property to her devisees.

2. In such a case where it appears that the mother never surrendered possession of the property, but continued to act as owner of it, until her death, and her executrix after her death did the same, a verbal promise made to the grantee by his mother, that he might retain the property as his own, is within the statute of frauds, and void.

Argued Jan. 17, 1919. Appeal, No. 128, Jan. T., 1919, by defendant, from decree of C. P. No. 1, Philadelphia Co., June T., 1917, No. 5216, on bill in equity in case of Mabel B. Hatcher, Florence D. Kreibel (nee Hatcher) by her next friend, Mabel B. Hatcher, and Clifford Hatcher by his next friend, Mabel B. Hatcher, v. Charles W. Hatcher. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Bill in equity for a conveyance of land. Before SHOEMAKER, J.

The court below entered a decree for reconveyance.

*Errors assigned* were various findings of fact and conclusions of law.

*George A. Welsh,* for appellant.—The refusal to convey was a mere breach of the parol agreement which has been uniformly held not to create a trust within the exception of the statute of frauds: Kistler's App., 73 Pa. 393; Danzeisen's App., 73 Pa. 65; O'Hara v. Dilworth, 72 Pa. 397; Kimmel v. Smith, 117 Pa. 183; Braun v. First German E. L. Church, 198 Pa. 152; Simon's Est., 20 Pa. Superior Ct. 450; Grove v. Kase, 195 Pa. 325.

There must be proof of fraud at the time the deed was executed; of fraud inducing or influencing the grantor to part with his title—otherwise such a trust cannot arise: Salter v. Bird, 103 Pa. 436; Barry v. Hill, 166 Pa.

344; Martin v. Baird, 175 Pa. 540; McCloskey v. McCloskey, 205 Pa. 491; Turney v. McKown, 242 Pa. 565; Jourdan v. Andrews, 258 Pa. 347.

A trust created by parol may be discharged by parol.

*Abraham Wernick,* of *Evans, Foster & Wernick,* for appellees.—There can be no doubt about the law that where one procures a title which he could not have obtained except by a confidence reposed in him and abuses the confidence, he becomes a trustee ex maleficio: Sechrist's App., 66 Pa. 237; Goodwin v. McMinn, 193 Pa. 646; Sulzer v. Conner, 41 Pa. Superior Ct. 317; Blick v. Cockins, 234 Pa. 261; McDonald v. McAndrew, 40 Pa. Superior Ct. 146.

Where title is claimed by reason of an oral conveyance of land, it must be shown that the defendant took possession from the vendor: Wright v. Nulton, 219 Pa. 253; Lincoln v. Wakefield, 237 Pa. 97; Lincoln v. Africa, 228 Pa. 546.

OPINION BY MR. CHIEF JUSTICE BROWN, March 10, 1919:

On December 2, 1914, Mary M. Hatcher executed a deed to her son, Charles W. Hatcher, for certain real estate situated in the City of Philadelphia. She died a year later, and in her will, duly admitted to probate, her son, Clifford, and her two daughters, Mabel B. and Florence D., now Mrs. Kreibel, were named as residuary legatees and devisees. Upon the refusal of their brother, Charles, to convey to them the real estate for which he holds the deed from their mother, this proceeding was instituted by them to compel him to do so, on the ground that the equitable title remained in her at the time of her death, and passed to them as her residuary devisees. The averment in their bill asking for a decree that the defendant be ordered to convey the premises to them, is that the said Mary M. Hatcher, being seized of the premises in question, "executed a deed of conveyance to her

son, Charles W. Hatcher, on the second day of December, 1914; that said conveyance was without consideration and was made and executed by the said Mary M. Hatcher under the express agreement and promise by the said Charles W. Hatcher, that he would reconvey to her the aforesaid premises at any time that she should make demand therefor, it having been expressly agreed between said Mary M. Hatcher and the said Charles W. Hatcher, that the said real estate was the property of the said Mary M. Hatcher and that the legal title should be in the said Charles W. Hatcher's name, until she should demand reconveyance therefor, and that she, the said Mary M. Hatcher, was the real owner and the equitable title therefor should be and remain in her." This averment, except as to the execution of the deed by the complainants' mother, was specifically denied in defendant's answer. After hearing on bill and answer and testimony taken, the court below decreed that "the defendant, Charles W. Hatcher, holds the title to the premises, 3538 North Broad street, Philadelphia, in trust for the plaintiffs, Mabel B. Hatcher, Florence D. Kreibel and Clifford Hatcher," and he was "ordered and directed within thirty days from the service of the decree by good and sufficient deed to convey the said premises" to the plaintiffs in fee simple.

It seems that Mrs. Hatcher conveyed the real estate to her son, Charles, for what she regarded as a measure of self-protection. She had incurred certain liabilities for another son, and felt that she might avoid incurring any more by making the conveyance to the son, Charles. It is to be fairly found from the testimony that this was the reason the conveyance was made.

The decree of the court below followed the finding "that the said Mary M. Hatcher, being so seized [of the premises in question] executed a deed of conveyance to her son, Charles W. Hatcher, on the second day of December, 1914; that said conveyance was without consideration and was made and executed by the said Mary

M. Hatcher under the express agreement and promise by the said Charles W. Hatcher that he would reconvey to her the aforesaid premises at any time that she would make demand therefor, which agreement and promise were inducements for the conveyance and without which the conveyance would not have been made to Charles by his mother, it having been expressly agreed by the said Charles W. Hatcher that the said real estate was the property of the said Mary M. Hatcher and that the legal title should be in the said Charles W. Hatcher's name until she would demand reconveyance therefor, and that the said Mary M. Hatcher was the real owner and the equitable title therefor should be and remain in her." This specific finding has not been assigned as error. The legal conclusion which followed it was, "the said Charles W. Hatcher holds the premises 3538 North Broad street as trustee ex maleficio for the estate of Mary M. Hatcher, deceased." The contention of the appellant is that, even under the facts found, he cannot be regarded as a trustee ex maleficio, within the proviso of Section 4 of the Act of April 22, 1856, P. L. 533, "that where any conveyance shall be made of any lands or tenements by which a trust or confidence shall or may arise or result by implication or construction of law, or be transferred or extinguished by act or operation of law, then and in every such case such trust or confidence shall be of the like force and effect as if this act had not been passed."

The title procured by the appellant from his mother undoubtedly passed to him by reason of her confidence in him, and, upon his abuse of that confidence, in refusing to reconvey, the property, as part of her estate at the time of her death, passing to the appellees, he converted himself into a trustee ex maleficio. "The statute which was intended to prevent frauds turns against him as the perpetrator of a fraud": Sechrist's App., 66 Pa. 237. The broken agreement or promise of the appellant was made at the time his mother executed the deed to him and was the inducement to its execution; and if he could now

profit from his bad faith, the Act of 1856, which is intended to prevent fraud, would itself become the instrument for the perpetration of it. Under the proviso in that act, the unkept promise of the appellant made him a trustee ex maleficio: McCloskey v. McCloskey, 205 Pa. 491. This need not be further discussed, for the defendant admitted in his own testimony that the understanding between him and his mother at the time she executed the deed was that he should hold the title for her protection, and not as the absolute owner of the property. The deed cannot stand against the appellees, the successors in title to their mother, for their brother has himself overthrown it: Morrish v. Morrish, 262 Pa. 192.

The court below found that in August, 1915, appellant's mother verbally assented to his retention of the property as his own, and this finding is urged as a reason for the reversal of the decree. It was coupled with the additional finding that "the evidence as to what the consideration was for the release of the trust under which Charles held the property is vague and far from being clear, precise and indubitable, and no change of possession of the real estate was made." The defendant never had possession of the premises in question; his mother, during her lifetime, collected the rents, made the repairs and paid the taxes, and after her death, her executrix did the same. At no time, either before or after her death, did the appellant ever ask for an accounting of the rents. This being the situation, the verbal agreement by the mother that her equitable interest in the premises should merge with the legal title in her son, is within the statute of frauds, for "it has been uniformly held that an equitable interest is an interest in land which comes within the words and spirit of the Statute of Frauds......Contracts for the equitable stand now beyond a doubt upon the same footing as contracts for the legal interests": Meason v. Kaine, 63 Pa. 335, 339.

The assignments of error are all overruled and the decree is affirmed, at appellant's costs.