Wilczewski *v.* Wilczewski et al., Appellants.

562

Argued April 21, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*A. B. DeCastrique,* for appellants.—The written authority of the holder of an equitable interest in real estate is not necessary in order for the holder of the legal title to convey title. Kline's Appeal, 39 Pa. 463; Dayton v. Neuman, 19 Pa. 194; Brownfield's Executors Exrs. v. Brownfield, 151 Pa. 565.

*Myron E. Rowley* of *Craig & Rowley,* for appellee, cited: Murphy v. Hubert, 7 Pa. 420; Hatcher v. Hatcher, 264 Pa. 105; Stockdale v. Sellers, 102 Pa. Superior Ct. 447.

OPINION BY STADTFELD, J., October 2, 1933:
This is an appeal by defendants from the final de-

cree of the lower court decreeing the cancellation of a deed from Antoni Gajewski and Josephine Gajewski, his wife, to Steve Wilczewski and Frances Wilczewski, dated May 10, 1928, declaring it to be null and void, and ordering and directing Antoni Gajewski, of defendants, to execute and deliver to Frances Wilczewski, complainant, a general warranty deed conveying to her in fee simple an undivided one-half interest in a certain lot situate in the Borough of Aliquippa, formerly the Borough of Woodlawn, County of Beaver.

The court below, in an opinion by McConnel, J., correctly sets forth the issue in this case. We quote therefrom as follows: "On November 17, 1930, Frances Wilczewski filed a bill in equity against Steve Wilczewski and Antoni Gajewski wherein she set forth, among other things, that she was the wife of Steve Wilczewski and on or about July 1, 1925, she and Antoni Gajewski were contemplating the purchase of a tract of land situate in the Borough of Woodlawn, in this county, being lot No. 21 in the Woodlawn Land Company's Plan No. 11, fully described in said bill; that upon this lot there was erected a two-story frame dwelling house; that on or about July 1, 1925, she delivered to Antoni Gajewski $3,000 of her own money for the purpose of purchasing said real estate; that she was to receive an undivided one-half interest in said property, and the deed was to be made to the plaintiff and the said Antoni Gajewski as tenants in common; that the said Antoni Gajewski wickedly and fraudulently had the deed for said property made to himself and to Josephine Gajewski, his wife; that Antoni Gajewski continuously represented to the plaintiff that the deed to said property had been made to him and to her; that by deed dated May 10, 1928, and recorded in the Recorder's Office of Beaver County, the said Antoni Gajewski and Josephine, his wife, granted and conveyed an undivided one-half interest in said property to Frances and Steve Wilczew-

ski, her husband; that the said conveyance was made without the knowledge and consent of the petitioner and without Steve Wilczewski furnishing any consideration therefor; that the said plaintiff and her husband had been separated and living separate and apart since April 7, 1928; and that Josephine Gajewski, the wife of Antoni Gajewski, had died January 1, 1929; the plaintiff prayed that the deed dated May 10, 1928, conveying a one-half interest in the property aforesaid to her and her husband be delivered up and cancelled, and that Antoni Gajewski be ordered and directed to convey to the plaintiff a one-half interest in the property above mentioned . . . . . .

"To this bill an answer was filed by the defendants on December 20, 1930, in which they admitted the purchase of the real estate mentioned in said bill of complaint; but averred that the said property was purchased by Antoni Gajewski for himself and also for Steve Wilczewski and his wife Frances Wilczewski; averred that the purchase price for said property paid by Frances Wilczewski belonged to her and to her husband Steve Wilczewski; denied that the said real estate was to be taken in the name of Antoni Gajewski and Frances Wilczewski, but averred that the title to the property was to remain in the name of Antoni Gajewski and Josephine Gajewski, his wife, and that the said Antoni Gajewski and his wife were afterwards to convey to the plaintiff and her husband an undivided one-half of the said premises in fee simple; that the deed dated May 10, 1928, made by Antoni Gajewski and his wife to the plaintiff and her husband, was made at the instance of the plaintiff and with her knowledge and consent, and that the undivided one-half of the property in question had been purchased for the plaintiff and her husband with money belonging to them, and not solely to the plaintiff."

After hearing, the chancellor found, inter alia, the

following facts: "9. Antoni Gajewski was married to a sister of Frances Wilczewski and in 1925 lived in Woodlawn, Beaver County, Pennsylvania. In March, 1925, he talked with Mrs. Wilczewski about purchasing the real estate in question in this case, Mrs. Wilczewski leaving with him her deposit book in the Center Wheeling Savings Bank, which at that time showed a balance to her credit of $3,000. The interest due on July 1, 1925, increased this balance to $3,060.

"10. Antoni Gajewski had only $1,000 of his own in cash, and it was arranged between him and Frances Wilczewski that the property in question was to be purchased by him, and he was to borrow the balance of the purchase money required, outside of the cash raised by him and the $3,060 to be paid by the plaintiff, through a loan from a building and loan association.

"11. The deed for the property in question was made on July 7, 1925, to Antoni Gajewski and Josephine Gajewski, his wife, and was recorded in the recorder's office of Beaver County on July 8, 1925.

"12. Frances Wilczewski, on June 29, 1925, drew a check upon the Center Wheeling Savings Bank for $3,000 payable to the First National Bank of Woodlawn, and on July 2, 1925, $3,058.48 was paid by the Center Wheeling Savings Bank to the First National Bank of Woodlawn. This money was used by Antoni Gajewski to pay for one-half of the property in question in this case.

"17. In May, 1926, Frances Wilczewski and Steve Wilczewski moved into the property in question in this case and have lived there ever since.

"20. In March of 1928 Mrs. Wilczewski went to see H. W. Leonard, an attorney in Woodlawn in this county, about a separation agreement, and on April 7, 1928, she and her husband signed an agreement of separation in which it was contracted that they should

live separate and apart from one another; he, however, was to occupy a room in the property in question in this case and was to pay her $60 a month.

"21. In April, 1928, Frances Wilczewski first found out that the title for the property in question in this case was in the name of Antoni Gajewski and Josephine Gajewski, his wife. This was after the separation agreement had been entered into between the husband and wife.

"22. Some time in the early part of May, 1928, Steve Wilczewski and Frances, his wife, and Antoni Gajewski and Josephine, his wife, went to the office of H. W. Leonard in Woodlawn and told him to draw a deed for the property in question in this case from Antoni Gajewski and his wife to Steve Wilczewski and Frances Wilczewski, his wife.

"23. This deed was drawn by H. W. Leonard, dated May 10, 1928, and was recorded in the Recorder's Office of Beaver County on May 17, 1928. After this deed was recorded it was delivered by Mr. Leonard to Frances Wilczewski, and she said that she was perfectly satisfied with the way in which the deed was made.

"25. Josephine Gajewski died January 1, 1929.

"26. In August of 1929, Steve Wilczewski became ill and it was found that he would have to go to a hospital to be operated upon, and on August 28, 1929, a written agreement was entered into by Antoni Gajewski and Steve Wilczewski and Frances Wilczewski, providing for the delivery to H. W. Leonard, Esq., in escrow, of a deed for the property in question in this case. This deed was to be delivered by Mr. Leonard to the purchaser of said real estate upon the receipt of $6,850. Out of this amount $200 was to be paid as a commission to a real estate agent and the balance after the payment of taxes, etc., was to be paid one-half to Antoni Gajewski, one-fourth to Frances Wilczewski and one-fourth to Steve Wilczew-

ski upon his return from the hospital. This contemplated sale of the real estate was never consummated.

"27. The deed dated May 10, 1928, made by Antoni Gajewski and his wife to Steve Wilczewski and Frances Wilczewski, his wife, was made with the knowledge and consent of Frances Wilczewski.

"28. No writing was signed by Frances Wilczewski granting or assigning any of her interest in the real estate in question in this case to Steve Wilczewski.

"29. No writing was signed by Frances Wilczewski authorizing Antoni Gajewski and Josephine Gajewski to convey any part of the real estate owned by her to Steve Wilczewski."

The court found as a matter of law, inter alia: "3. When Antoni Gajewski and Josephine Gajewski on July 7, 1925, acquired title to the land in question in this case, they held the undivided one-half thereof in trust for Frances Wilczewski who had paid with her own money one-half of the consideration for this real estate.

"4. Frances Wilczewski could not grant or assign her interest in this real estate except by writing signed by her.

"5. Antoni Gajewski could not transfer the interest of Frances Wilczewski in this real estate to any person except Frances Wilczewski, unless he was authorized so to do by writing signed by Frances Wilczewski.

"6. Steve Wilczewski could acquire no interest in the real estate in question in this case by virtue of the conveyance made by Antoni Gajewski and Josephine Gajewski on May 10, 1928, and his title therein he only holds in trust for the use of his wife."

The court entered a decree directing the cancelling and rendering null and void the deed from Antoni Gajewski and Josephine Gajewski, his wife, to Frances Wilczewski and Steve Wilczewski, supra, and directing that Antoni Gajewski execute and deliver to Frances Wilczewski, plaintiff, a general warranty deed

conveying to her in fee simple an undivided one-half interest in the property in question. From that decree this appeal is taken by defendants.

As indicated by appellant's counsel, in his brief, the only question to be argued on this appeal is whether or not Frances Wilczewski could direct and order Antoni Gajewski to make a deed to Frances Wilczewski and Steve Wilczewski, her husband, without some note or memorandum in writing, and, as stated by the lower court, the important questions at issue in this case are whether deed of May 10, 1928, was made with the knowledge and consent of the plaintiff in this case, and whether it was legally authorized by her.

The lower court has found that all of the money which plaintiff used for the purchase of the property in question was her own personal property, and the property purchased belonged to her individually. The court was of the opinion that the burden was upon the husband to show that the deed in question under which he took title to an interest in the property was the voluntary act of the wife, relying on Loeffler's Estate, 277 Pa. 317, 325; Stivers v. Tucker, 126 Pa. 74; Paul v. Kunz, 188 Pa. 504, and found plaintiff knew the way in which the deed of May 10, 1928 was made out and acquiesced in it. The court also refers to the testimony of Mr. Leonard who prepared the deed and says: "Mr. Leonard says that after the deed was recorded it was delivered to her, and in August of 1929 the plaintiff signed a written agreement which was explained to her, before she signed it, by her own interpreter, under the conditions of which she agreed that one-fourth of the proceeds of the sale of the real estate in question in this case should be paid to her husband. We cannot see how we can possibly find under the evidence that the deed of May 10, 1928, was not made with her full knowledge and consent."

Nevertheless, the lower court being of the opinion that when plaintiff paid to Antoni Gajewski $3,060, and he used this money of hers to buy the undivided one-half of the land in question in this case, and had the deed made to himself and his wife, that he and his wife held the one-half of this real estate as trustee for plaintiff, and so holding it in trust for her, he would not be justified in transferring her interest in that property to any person except plaintiff, and before he could transfer it, or any interest therein, to any other person than plaintiff, he would have to be authorized to do so by a writing signed by plaintiff. There being no evidence of such writing, it therefore held that the transfer of the property by Antoni Gajewski to Frances Wilczewski and Steve Wilczewski is void, and the title of Steve Wilczewski to the real estate in question he holds merely as trustee for his wife, Frances Wilczewski. The court below based this conclusion upon its construction of Section 4 of the Act of April 22, 1856, P. L. 532, (Statute of Frauds ) which provides: "That all declarations or creations of trust or confidences of any lands, tenements or hereditaments, and all grants and assignments thereof shall be manifested by writing, signed by the party holding the title thereof, or by his last will in writing, or else to be void: *Provided,* That where any conveyance shall be made of any lands or tenements by which a trust or confidence shall or may arise or result by implication of law, or be transferred or extinguished by act or operation of law, then in every such case such trust or confidence shall be of the like force and effect as if this act had not been passed."

We do not agree that Section 4 of the Act of April 22, 1856, P. L. 532 (Statute of Frauds) requires a construction that would hold that when a resulting trust arises in favor of one who has furnished the

money for the purchase of land, any deed by the holder of the legal title made to a third person, by the authority and direction of the equitable real owner, is ineffective to divest the latter's interest unless such authority or direction is in writing. If there has been any written acknowledgment of the trust, which forms part of the chain of title, then any conveyance by the legal holder in trust should be joined in by the equitable owner or be accompanied by a written authorization from him to make the conveyance, which may be recorded. But when no such written acknowledgment of the trust has been made, the legal holder of the title can convey it to whomsoever the equitable owner directs him to, without such authority or direction being in writing. The authority to convey does not have to be in writing or recorded unless there is a written, recorded declaration of trust. To record it, in the absence of such a declaration of trust, would only confuse and clutter up the chain of title. And unless recorded, a written authorization to convey is of no use except for the protection of the holder of the legal title. Section 4 of the Act of 1856 expressly provides that it shall not apply to resulting trusts, and in common practice conveyances are frequently made by the holder of the legal title directly to a third person, without any written authorization or direction by the real owner, unless the holder of the legal title demands it for his own protection.

The purpose of the statute of frauds is to prevent fraudulent claims of interests in land resting in parol. Here there was no such claim. Steve Wilczewski claimed as a tenant by the entirety, with his wife, by virtue of a deed from Antoni Gajewski, the holder of the legal title, which the court found on sufficient evidence, the latter had been directed to make by Frances Wilczewski. As a resulting trust, created by operation of law, it was expressly excepted from the opera-

tion of the statute of frauds. It needed no writing to create it; it needed none to authorize its conveyance by the trustee. The deed of the trustee, made by Mrs. Wilczewski's direction, is in writing, as required by the statute of frauds. We think this is in accord with the decision of the Supreme Court in Magen. v. Nieman, 301 Pa. 164, p. 171, 172, 151 Atl. 796; and not opposed to the principles laid down in Murphy v. Hubert, 7 Pa. 420; Dayton v. Newman, 19 Pa. 194; Seichrist's App., 66 Pa. 237; Brownfield's Exrs. v. Brownfield, 151 Pa. 565, 25 Atl. 92; Hatcher v. Hatcher, 264 Pa. 105, 107 Atl. 660; Schoofstall v. Adams, 2 Grant 20.

We believe, also, that the court failed to give effect to the agreement of August 28, 1929, between Antoni Gajewski and Steve Wilczewski, defendant, and Frances Wilczewski, which provided for the delivery to H. W. Leonard, Esq., in escrow of a deed for the property in question to be delivered to the purchaser of the property upon the receipt of $6,850. Out of this amount $200 was to be paid as a commission to a real estate agent and the balance after the payment of taxes, etc., was to be paid one-half to Antoni Gajewski, one-fourth to Frances Wilczewski and one-fourth to Steve Wilczewski upon his return from the hospital. (See Finding of Fact 26). Although this deed was never delivered and therefore no right could be predicated thereon by the proposed purchaser because of the statute of frauds, nevertheless we consider the agreement referred to as a ratification of the act of Antoni Gajewski and Josephine, his wife, in the execution and delivery of the deed of May 10, 1928 to Frances Wilczewski and Steve Wilczewski, her husband, and sufficient to satisfy the statute of frauds in so far as the present issue is concerned. We consider this eminently proper in view of the findings by the chancellor that the deed of May 10, 1928, was made

with the knowledge and consent of the said Frances Wilczewski, and that the agreement of August 28, 1929 was fully explained to her by her own interpreter, before she signed it.

As stated in 27 Corpus Juris 298, Sec. 377, "A ratification by the principal of a memorandum of a contract signed by his agent, or by a sub-agent, without the proper authority, is as effectual to comply with the statute of frauds as authority previously conferred. Indeed the subsequent sanction of a contract signed by an agent takes it out of the operation of the statute more satisfactorily than authority given beforehand."

The assignments of error are sustained, the decree reversed and the bill is dismissed at cost of appellee.