## Schwartz et al. v. Altzman et al.

*Albert S. Oliensis,* for plaintiffs.

*William Brodsky* and *Wolf, Block, Schorr & Solis-Cohen,* for defendants.

CRUMLISH, J., February 27, 1947.—Plaintiffs seek to impress a trust on certain real estate which it is alleged was transferred by plaintiffs' father (now deceased) to his daughter, Esther Altzman, just prior to June 18, 1931, in reliance upon an oral promise by

transferee that although the legal title would be in her, the equitable title would remain with transferor and she would reconvey legal title to him upon his demand. It is further alleged that the property was later conveyed by Esther Altzman to her father's sister, who knew of the circumstances of the previous transfer and who subsequently reconveyed to Esther Altzman.

Defendants' preliminary objections to the bill are twofold; i. e., that it violates the statute of frauds by attempting to set up an express oral trust in real property, and it violates the statute of limitations.

## Statute of Frauds

"It is undoubtedly true, as a general proposition, that proof of the mere breach of an oral agreement to . . . reconvey to, the grantor, . . . is not sufficient to establish a parol trust in lands (citing cases), for the reason, as stated by Mr. Justice Strong in Kellum v. Smith, 33 Pa. 158, at 165, that 'the statute of frauds would be worse than waste paper, if a breach of the promise created a trust in the promisor, which the contract itself was insufficient to raise'. Where, however, . . . the relationship between the grantor and grantee, by reason of close kinship or other circumstances, was, of itself, such as to justify the grantor in placing confidence in the belief that the grantee would keep the faith reposed in him, *and*, this relationship was clearly the inducement to the grant, the rule is otherwise. In such instances, there is more than the mere breach of an oral agreement; these cases involve, as Mr. Justice Cardozo pointed out in the leading case of Sinclair v. Purdy, 235 N. Y. 245, . . . 'a confidence induced, not by the bare promise of another, but by the bare promise and the confidential relation conjoined.' ": Metzger v. Metzger et al., 338 Pa. 564, 568 (1940).

It is not necessary that actual fraud appear if the grantee occupied a confidential relationship: Greenfield's Estate, 14 Pa. 489, 505 (1850).

However, the confidential relationship is not properly averred. It is plaintiffs' contention that such a relationship can be found from the averment that transferee was the daughter of transferor, but this is not so. The relation of parent and child does not per se establish a confidential relationship between the parties; additional circumstances must be proved: Shaffer v. Shaffer, 344 Pa. 158, 161-162 (1942) ; Null's Estate, 302 Pa. 64, 69 (1930) ; and see A. L. I. Restatement of Restitution §166, comment (d), and Pa. Annotations thereto. Plaintiffs rely upon the fact that the pleadings in Hatcher v. Hatcher, 264 Pa. 105 (1919), did not allege any more than is alleged here, i. e., the parent-child relationship. However, there was no demurrer or preliminary objection to the bill in that case, and the court did find from the evidence that a confidential relationship existed.

"Equitable relief is based on pleadings as well as proofs. The relief afforded must conform to the case made by the pleadings and proofs. Every fact essential to entitle plaintiff to the relief sought must be averred in his bill: (citing case). The evidence to support a trust as to land must be clear, precise and convincing: (citing cases). It follows that the averments of the bill must be equally definite": Watkins and Miller v. Watkins et ux, 101 Pa. Superior Ct. 426, 429 (1931), cited with approval in Sneiderman v. Kahn et ux., 350 Pa. 496, 499 (1944).

For a discussion as to what circumstances would lead to the conclusion that a confidential relationship exists, see Hamberg v. Barsky et al., 355 Pa. 462, 465 et seq. (1947), and A. L. I. Restatement of Restitution, §166, comment (d), quoted therein at page 465.

*Statute of limitations*

The Act of April 22, 1856, P. L. 532, sec. 6, 12 PS §83, provides that:

"No right of entry shall accrue, or action be maintained . . . to enforce any implied or resulting trust as to realty, but within five years after such . . . trust accrued, with the right of entry; . . . Provided, That as to any one affected with a trust, by reason of his fraud, the said limitation shall begin to run only from the discovery thereof, or when by reasonable diligence the party defrauded might have discovered the same; . . ."

As we have already noted, fraud is not an element of the instant trust and, therefore, the cases referred to by plaintiffs which interpret the latter portion of the above quotation are inapplicable. However, we are still of the opinion that the action is not barred. Unlike the situation where the promissor does not, at the time he makes the promise, intend to perform it, this trust does not accrue until "the transferee refuses to perform the (oral) trust": A. L. I. Restatement of Trusts §44(1). Performance, in this case, was not demanded during the lifetime of transferor, for whom the property was being held. Transferor died on February 20, 1942, and as late as May 4, 1942, transferee failed to evidence an intention not to perform, and, on the contrary, evidenced the opposite intention when she "agreed . . . that the real and equitable title thereto should be and remain . . . in the aforesaid heirs (of the transferor) . . . and that she would reconvey the premises to the said heirs" when they demanded it. Although the date of the demand, and of transferee's refusal to perform (which is the date from which the statute runs), is not revealed by the pleadings, it was subsequent to May 4, 1942. Mathematical calculations disclose that the action was started within five years of the May 4, 1942, date, and

therefore must have been brought within five years after the "trust accrued". Even if it could be said that the death of the transferor amounted to a demand on transferee, the action would still have been brought within the five-year period (bill filed on December 10, 1946; transferor died on February 20, 1942).

*Order*

And now, February 27, 1947:

1. Leave is granted plaintiffs to amend their pleading in accordance with this opinion within 15 days from the date hereof under penalty of non pros; and

2. All other questions raised by defendant are dismissed.