# Richards *versus* McClelland.

The separate deed of a married woman, purporting to convey real estate belonging to her in her own right, is void, whether against her or her husband, even although a full consideration has been paid to her for the estate conveyed.

That the husband deserted the wife without providing for her support, and the proceeds of the sale were necessary to and used for the maintenance of herself and family, will not make the deed good or prevent the husband from asserting his right to the premises conveyed as against the purchaser.

Thorndell v. Morrison, 1 *Casey* 326, affirmed.

ERROR to the Court of Common Pleas of *Fayette county*.

This was an action of ejectment, brought by Andrew McClelland and Mary McClelland his wife, against Stephen Richards and Thomas Stentz, to recover about 8 acres of land, adjoining the town of Smithfield, in George township, Fayette county.

The property in controversy in this suit was devised to Mary McClelland, by her father Robert Brownfield, by his will dated 30th January, 1815, which will was admitted to probate, March

15th, 1815. After her father's death, Mary intermarried with Thomas Gaddis, and by him had issue several children. He died, leaving her his widow. In 1846, or 1847, she was married to Andrew McClelland, the plaintiff in this suit, and by him had issue several children.

The defendants, to sustain the issue on their part, offered in evidence the deed of Mary McClelland one of the plaintiffs, to Richards one of the defendants, for the property in dispute, to be followed by evidence that at the time of making the deed and for some time past, McClelland and wife were not living together, and that he neglected and refused to provide for his family. That Mary McClelland had received from Richards the full amount of the purchase-money. To this the plaintiff objected on the ground that the deed is void, the husband not having joined in the execution of it; and that the whole evidence is irrelevant.

The court below sustained the objection, and overruled the evidence. To this the defendants excepted.

The verdict was for the plaintiff; and thereupon the defendant sued out this writ of error, and assigned that the court erred in sustaining the objection to the defendant's offer, and in overruling the evidence.

*J. B.* and *A. Howell,* for plaintiffs in error.—Hunt *v.* Devling, 8 *Watts* 405; Rorer *v.* O'Brien, 10 *Barr* 212; Wilkinson *v.* Charlesworth, 11 *Jur.* 644, 10 *Beav.* 410; Krepp *v.* Scholl, 10 *Barr* 195; Tyson's Appeal, 10 *Barr* 223; Trimmer *v.* Heagy, 4 *Harris* 487; Sterrit by his Guardian Leggett *v.* Wynn, 17 *S. & R.* 130; Bouslaugh *v.* Bouslaugh, *Id.* 361; Kennedy *v.* Udall, 5 *Johns. Ch. Rep.* 480; Gorges *v.* Chancey, *Tothil* 97; Pridgeon *v.* Pridgeon, 1 *Chan. Cas.* 117; Herbert *v.* Herbert, *Prec. Chan.* 44; Lady Tyrril's Case, *Freeman* 304; Heacock *et al. v.* Fly, 2 *Harris* 540.

*Ewing* and *Parshall,* for defendants in error.—Thorndell *v.* Morrison, 1 *Casey* 326; Lambert *v.* Atkins, 2 *Camp.* 273; Rhea *v.* Renner, 1 *Peters* 105; Clark *v.* Thompson, 2 *Jones* 274; Dorrance *v.* Scott, 3 *Wh.* 313; West *v.* West, 10 *S. & R.* 445; Wagner *v.* Ellis, 7 *Barr* 413; Lefever *v.* Witmer, 10 *Barr* 505; Lancaster County Bank *v.* Stouffer, *Id.* 398; Clark *v.* Clark, 6 *W. & S.* 88; Peck *v.* Ward, 6 *Harris* 505; 8 *S. & R.* 75; Rees *v.* Waters, 9 *Watts* 94–5; *Clancy's Mar. Wom.* book 5, chap. 1, pp. 441–2–3–7, also chap. 3, pp. 485–6, chap. 9, p. 549–560; Oxenden *v.* Oxenden, 2 *Vern.* 494; Bosvil *v.* Brander, 1 *P. Wm.* 459; 2 *P. Wm.* 202; 2 *Atk.* 417; 1 *Atk.* 280; 2 *Ves. Jr.* 607–608; 3 *Ves.* 166; 5 *Ves.* 517.

The opinion of the court was delivered by

[Richards v. McClelland.]

KNOX, J.—Under the authority of several Pennsylvania cases, particularly that of Rees v. Waters, 9 *Watts* 90, and that of Thorndell v. Morrison, 1 *Casey* 326, the Court of Common Pleas rightly excluded the testimony embraced in the defendants' offer.

The separate deed of a married woman purporting to convey real estate belonging to her in her own right is void, whether against her, or her husband, even although a full consideration has been paid to her for the estate conveyed.

That the husband has deserted the wife without providing for her support, and that the proceeds of the sale were necessary to and used for her maintenance, cannot make good her separate deed, or prevent the husband from asserting his right to the possession of the real estate as against the purchaser.

These questions are fully discussed in the cases referred to, and the conclusions arrived at justify the action of the court below.

Judgment affirmed.