# Williams and Confer *versus* Baker and wife.

71 476
134 365
71 476
136 600
71 476
170 70
71 476
202 12555
71 476
f219 2 24

1. By 2d sect. of Act of February 24th 1770, the official certificate is the only evidence that the wife has acknowledged the deed in the statutory form so as to convey her estate.

2. Except in cases of fraud and duress, the official certificate of acknowledgment is conclusive of every material fact on its face.

3. The certificate is conclusive even in cases of fraud, &c., as to subsequent purchasers for a valuable consideration without notice.

4. The certificate is conclusive only of such facts as the magistrate is bound by the statute to certify.

5. The general rule as to certificates given by officers is that a certificate of fact not coupled with matter of law is not evidence.

6. If the officer is bound to record a fact, the proper evidence is a duly authenticated copy of the record.

7. If an officer's certificate is made evidence of certain facts, he cannot extend its effect to other facts by stating them in it.

8. A wife is not concluded by the certificate of acknowledgment under the Act of 1770, that she was of age : she may show she was a minor when she acknowledged the deed.

9. A minor executed a deed, and during her minority gave an order on the grantee in favor of her husband, for the purchase-money ; the husband received it. *Held*, not to be a ratification of the deed.

10. A suit was brought in her name without her knowledge or consent; this was not an estoppel to her in an ejectment for the land.

11. The wife could not ratify the deed except in the manner prescribed by the Act of Assembly.

12. A wife, a minor, owned a remainder in land after the death of a life-tenant. During her minority and the particular estate, she joined her husband in conveying the remainder. She came of age after 1848, after which the tenant for life died. *Held*, that she and her husband could maintain ejectment for the land, the husband not being tenant by the curtesy till the particular estate expired, he then took his curtesy with its qualities under the Act of 1848.

13. Her estate could not be taken in execution for his debt on account of his curtesy ; he therefore could not alienate it during coverture, and she was not estopped by his deed or warranty from maintaining ejectment.

May —1872. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Blair county* : Of May Term 1872, No. 23.

John Baker and Nancy his wife, late Nancy Confer, in her right, on the 14th of March 1865, brought an ejectment in the court below against Jacob Confer for an undivided tenth part of a tract of 200 acres of land. Confer having derived his title from William Williams by deed with general warranty, Williams was admitted as defendant.

The whole tract had belonged to Henry Leamer, who died in 1836, having devised it to his daughter Mary Confer for life, and after her death to her ten children, of whom Nancy Baker, the plaintiff, was one.

On the 3d of July 1847, three of the children of Mary Confer, Nancy Baker being one, with their husbands, conveyed their interest in the land to George Clapper. The deed was acknowledged

[Williams *v.* Baker.]

the same day by the husbands and wives before James L. Morrow, a justice of the peace; his certificate was: * * * " The said Nancy, &c., being of full age and by me duly examined separate and apart from their said husbands, * * * declared that they did voluntarily * * * seal and as their act and deed deliver the said assignment," &c. * * *

On the 1st of April 1861, Clapper conveyed to William Williams. On the 4th of June 1865, Mary Confer, the life-tenant, died; July 29th 1865, Williams conveyed to Jacob Confer.

The foregoing facts having been given in evidence by the plaintiffs and defendants respectively, the plaintiffs in rebuttal offered to prove that Nancy Baker was a minor at the execution of the deed of July 3d 1847.

The defendants objected, that she could not dispute the certificate of acknowledgment, especially as the land had passed into third hands. The offer was admitted, and a bill of exceptions sealed.

The plaintiffs then gave evidence to show that Mrs. Baker was a minor at the date of her deed; that she was born June 3d 1831.

The defendants gave in evidence the following order:—

August the 26th 1847.

M. George Clapper please let the bearer John Baker have what he wants still and charge me with the same and this shall be your receipt for my interest.              her

NANCY ⋈ BAKER.
mark

On this order property of different kinds was delivered to Baker until $18 beyond the purchase-money had been paid to him.

They gave in evidence the record of an action brought September 22d 1852, by Nancy Baker against George Clapper, for the purchase-money of the property in dispute.

The plaintiff Mrs. Baker testified that she did not know 'of the suit being brought in her name against Clapper; it had been done by her husband.

Baker testified that all he had got of Clapper for the land was before his wife came of age.

Neither party submitted points.

The court (Taylor, P. J.) charged: * * *

" The form of the certificate seems to have been given with the view alone of protecting the interest of married women in the point in which they were in danger of suffering under the influence of the married relation,—to protect married ladies against undue influence exerted over them by their husbands; and it will be observed, on examining it closely, that the form of the certificate does not make it the duty of the magistrate to ascertain or certify in relation to anything else except as to whether the woman exe-

[Williams *v.* Baker.]

cuted voluntarily, of her own free will and accord, without coercion
or compulsion from her husband.   There is nothing in it in relation
to her age, although the form most usually adopted, I do not know
how it has so happened, states that the woman was ' of full age.'
The duty of the magistrate and the form of the certificate are given
in these words :  ' each judge or justice shall and is hereby autho-
rized and required to take such acknowledgment, in doing whereof
he shall examine the wife separate and apart from her husband,
and shall read or otherwise make known the full contents of such
deed or conveyance to the said wife, and if upon such separate
examination, she shall declare that she did it voluntarily, and with
her own free will and accord, seal and as her own act and deed,
did deliver the said conveyance, without coercion or compulsion of
her said husband ;' and the same is hereby declared to be good and
valid in law, to all intents and purposes as if the said wife had
been sole.   In each case of course, if she had been sole, unmarried
and acknowledging the deed, there would have been no inquiry as
to her age.

"[The form and phraseology of the certificate shows that it was
for that particular purpose that the acknowledgment and the form
of the certificate is laid down ; and it is because the form is pre-
scribed, and so far as that is the case, described by the statute
that it is to have the conclusive effect given to it by the decision
referred to ; and it seems clear to us upon a comparison of the
Act of Assembly with the cases cited, in view of the reason for the
form of acknowledgment, and reason for giving such effect to it,
that where the allegation is that the woman was not of full age at
the time, that she was a minor, this certificate is not entitled to
the conclusive effect claimed ; that it does not preclude inquiry,
when it was alleged that the grantor was at the time a minor, and
although we have been asked to do so, we refuse therefore to
instruct you that the rule laid down in the cases cited, is applica-
ble to this case, and that the defendants are here on this ground
protected.   We instruct you on the contrary, that if Nancy Baker
was at the time she executed, with the other grantors, the convey-
ance to George Clapper, a minor, or under the age of twenty-one
years, that nothing contained in the conveyance itself or in the
certificate of the acknowledgment by the magistrate, stands in the
way of her avoiding that deed upon her arrival at the age of twenty-
one years, or within a reasonable time afterward.   The deed of a
minor, as said on the one side here, in the case of Schroeder *v.*
Decker, cited, is said to be absolutely void.   It is alleged on the
other side to be not absolutely void in every instance, but voidable
only, though it is admitted to be in some instances absolutely void,
and in every instance, voidable.   And for all practical purposes,
where the contest or question arises immediately between the
minor and another party, it is of very little importance, whe-

[Williams *v.* Baker.]

ther the question or the most general rule, be that it is void or only voidable; for when we say the deed is avoided, that means that the minor when he or she arrives at the age of twenty-one, may at his or her election treat it as void, without assigning any other reason for it except as to her or his knowledge of the fact. They may treat it as void, and in such case it would not at all interfere with that right, or limit the right. If other parties had in the interim between the execution of the deed and the time that that right might be asserted, acquired an interest for a valuable consideration, and without any knowledge of the fact that when only eighteen at the time the conveyance was executed, the grantor might when he or she arrived at the age of twenty-one, treat it as void, and claim the property although it had passed through a dozen of hands in the meantime, and a dozen of intermediate purchasers had acquired title without notice, and for a valuable consideration. The minor might treat it as if it had never existed, and claim the title, he or she had before, in possession of it.]

"Now taking this view of the law in the case thus far, the case must go to you upon two questions of fact. The one is, was Nancy Baker at the time she executed this deed, a minor, or under the age of twenty-one years? If she was, she is entitled to recover the claimed interest in this land, unless it is shown hereafter, that she ratified that conveyance at the age of twenty-one, either expressly, or by acts and words which treated the conveyance, and led others to treat the estate as valid under her conveyance. The first question is, was she a minor or under age at the time? That is a question of fact for you, and evidence has been heard here and given on both sides bearing on that question. * * *

"But if she was a minor, if she was under age at that time, then she is entitled to recover here, unless there is evidence that she, after she became of age, ratified that conveyance, either expressly or by such acts and declarations as imply ratification; such acts and declarations and conduct as treated, and tended to induce others to treat, the title under her deed as a valid title. And the question here would be, did she so ratify this conveyance? She did not do it expressly.

"[It is alleged that her husband, upon her order, received things at various times, amounting, it is said, to the whole of this consideration, $150, and $18 more, as one of the witnesses here states, from the acknowledgment of her husband upon an order drawn by her. The order is here in evidence proved by Henry Clapper, signed by her mark, who said that he drew it up and she put her mark there; that it bears date about the time the deed was executed, and if she was a minor when she executed the deed, she was when she signed this order, and anything that was received in her minority under that would be entitled to no weight what-

ever as a ratification of her act and deed. It would not stop her from avoiding the deed afterwards, if upon such order it were believed that she received the full amount of the consideration, or that it was received upon it.] [It is further alleged that she brought a suit in this court in 1852 in her own name, four or five years after this deed was executed, and upon any conclusion that could be drawn from the evidence to show her age, she was of age, against George Clapper for the purchase-money, claiming the money from him as for something she had sold him, and that suit stands upon the record undetermined, the statement or declaration in this case showing that this was her claim. That action was brought five years after the deed, and is still pending here in this court, and might still, for anything we see, be prosecuted. It was brought at the time and has never since been ended, but is still pending in this court. She is the plaintiff upon the record, but she testifies here that she did not bring it, or did not authorize it to be brought. It was commenced by an attorney in this court appearing as her attorney and commencing the case still pending, though she says she did not do it, and that if it was done, her husband must have done it, or had it done, and that it was without her knowledge. Now, it is alleged further that with this suit pending, and the deed on record showing that her interest was conveyed, up to the expiration of about twenty years, no claim could be set up for this specific interest in the land while the action was pending in which the purchase-money in the conveyance was pending all the time. We think that the bringing of the action and the prosecution of it for the purchase-money, if she did do it, and understood what she was doing, and her claiming upon the record the purchase-money, would be such a fact as if it not to estop her, would imply a ratification and election of the deed, and her election to treat the deed as valid when she was claiming the purchase-money, if she did so ; but she testifies that this was not done with her knowledge or assent; and there are some facts going to show that she was dissatisfied; and that Clapper himself was endeavoring to get her to sign some paper, the purport of which they could not tell. Now it is for you to say whether there is in all that has been suggested, acts, conduct or declarations of her shown here, which satisfy you that she treated, and that it was calculated to induce others that might become interested in this title to treat the title that she had conveyed as subsisting and valid in the vendee, or those to whom the vendee had conveyed. There was no expressed intention, but if you are satisfied of that, then•you can find here for the defendant, if she did, in your judgment, ratify. If you find from all this evidence that she ratified and treated that conveyance as valid, then your verdict should be for the defendant. If you find either of these questions of fact against the plaintiff, and in favor of the defendant, your verdict will be for

[Williams v. Baker.]

the defendant, while if on the other hand you find that she was a minor, and fail to find that she ratified this conveyance after she arrived at the age of twenty-one years, they having shown title to the interest claimed in this land, your verdict should be in favor of the plaintiff, for the undivided one-tenth of the land, described in the writ; and with this we submit the case to you."]

The verdict was for the plaintiffs, and the defendants took a writ of error.

They assigned for error :—·

1. The admission of evidence to contradict the certificate of acknowledgment.

2, 3, 4. The parts of the charge in brackets.

5. Instructing the jury that the plaintiff could recover under the facts in the case, and not instructing them that there could be no recovery during the life of John Baker, and that the action could not be sustained without repaying the purchase-money or tendering it.

*T. Banks* and *S. Calvin*, for plaintiffs in error.—The justice's certificate is conclusive : Louden *v.* Blythe, 3 Casey 25; Hall *v.* Patterson, 1 P. F. Smith 289 ; Musser *v.* Hyde, 2 W. & S. 314. Confirmation by the husband would bind the wife: Shaw *v.* Boyd, 5 S. & R. 311.

*S. S. Blair*, for defendants in error.—The court should have withdrawn the evidence of ratification from the jury. Her deed, when an infant feme covert, was void: Schrader *v.* Decker, 9 Barr 14. The estate vested in her remained as it was. She could not pass it by estoppel: Rumfelt *v.* Clemens, 10 Wright 455; Glidden *v.* Strupler, 2 P. F. Smith 400. Her right of alienation is *sub modo* only. She can only pass her estate by deed acknowledged according to the provisions of the Act of 24th February 1770, sect. 2, 1 Sm. L. 307, 1 Br. Purd. 460, pl. 13; Graham *v.* Long, 15 P. F. Smith 383.

The deed was made on 3d July 1847, before the passage of the Married Woman's Law ; but the husband had not his curtesy. The tenant for life was living at the date of the deed, and did not die till 1865, consequently Mrs. Baker had no seisin, actual or potential, at the date of the deed, and the husbands would take it in 1865, at the death of Mary Confer, with just such qualities as were given it by the Married Woman's Act of 1848 : Stoolfoos *v.* Jenkins, 8 S. & R. 175 ; Chew *v.* Commissioners of Southwark, 5 Rawle 160; Buchanan *v.* Duncan, 4 Wright 82; Hitner *v.* Ege, 11 Harris 305.

The opinion of the court was delivered, October 17th 1872, by WILLIAMS, J.—Under the Act of 24th February 1770, 1 Sm.

[Williams *v.* Baker.]

307, establishing a mode by which husband and wife may convey the estate of the wife, the official certificate of acknowledgment is the only evidence that the wife has acknowledged the deed in the form required by the statute, in order to make a valid conveyance of her interest in real estate, and, except in cases of fraud and duress, it is conclusive of every material fact appearing on its face. But though it is not conclusive as between the parties in cases of fraud and imposition, or of duress, and may be overcome by parol evidence, it is conclusive as to subsequent purchasers for a valuable consideration without notice: Schrader *v.* Decker, 9 Barr 14; Louden *v.* Blythe, 4 Harris 532; Louden *v.* Blythe, 3 Casey 22; Michener *v.* Cavender, 2 Wright 334; Hall *v.* Patterson, 1 P. F. Smith 289. But it is conclusive of such fact only as the magistrate is bound to record and certify, not of facts which he is not required to certify under the provisions of the statute. The general rule in regard to certificates, given by persons in official station, is that the law never allows a certificate of a mere matter of fact, not coupled with any matter of law, to be admitted in evidence. If the person was bound to record the fact, then the proper evidence is a copy of the record duly authenticated. But, as to matters which he was not bound to record, his certificate, being extra-official, is merely the statement of a private person, and will therefore be rejected. So, where an officer's certificate is made evidence of facts, he cannot extend its effect to other facts, by stating those also in the certificate; but such parts of the certificate will be suppressed: 1 Greenlf. Ev., § 498; Omichund *v.* Barker, Willes's R. 549, 50; Wolfe *v.* Washburn, 6 Cowen 261; Johnson *v.* Hocker, 1 Dall. 406; 3 Cowen & Hill's Ev., note 701, p. 1044.

As the magistrate is not required by the act to certify that the wife was of full age when she acknowledged the deed, she is not concluded by his certificate of the facts from showing that she was a minor when she signed and delivered it. It follows that the evidence of Mrs. Baker's minority when she executed and acknowledged the deed, under which the defendants claim title to her interest in the land, was rightly received; and the court properly left the fact to the jury, with the instruction that if she was a minor she might avoid the deed when she came of age, and was entitled to recover, unless she had subsequently ratified the conveyance.

Nor have the plaintiffs in error any reason to complain of the charge of the court on the subject of the wife's alleged ratification of the deed after she attained her majority, or of the manner in which the question was submitted to the jury. It is clear, as the court charged the jury, that if she was a minor when she executed the deed, she was when she signed the order in favor of her husband for the purchase-money, and anything that was received in

[Williams *v.* Baker.]

her minority under the order would be entitled to no weight whatever as a ratification of her act and deed. It would not estop her from avoiding the deed afterwards, if upon such order it were believed that she received the full amount of the consideration, or that it was received by her husband upon it. Nor was she estopped by the suit brought in her name for the purchase-money, which was pending at the trial of this ejectment, if it was not brought with her knowledge and consent. Instead of leaving the jury to find from the evidence that she ratified and treated the conveyance as valid, the court would have been justified in withdrawing the question from the jury and instructing them in conformity with the doctrine in Glidden *v.* Strupler, 2 P. F. Smith 400, that she could not ratify the conveyance otherwise than by a re-acknowledgement of the deed in the mode prescribed by the statute.

Nor is the plaintiff estopped from recovering her interest in the land during coverture, although her husband joined with her in the deed and received the purchase-money. When it was executed he had no interest or estate in the land as tenant by the curtesy, or otherwise, which he could convey. The wife was not actually or potentially seised of the land. Her mother had a life-estate in it, and so long as it continued, the husband could not be tenant by the curtesy of the wife's estate in remainder : Hitner *v.* Ege, 11 Harris 305 ; Buchanan *v.* Duncan, 4 Wright 82. As the outstanding estate for life did not end until after the passage of the Married Woman's Act, the wife's interest in remainder accrued to her subject to its provisions, and the husband took his estate as tenant by the curtesy, with the qualities given to it by the act and its supplements. As the wife's estate in the land cannot be taken in execution for the debts of her husband, on account of his interest as tenant by the curtesy, it is clear that he has no power to convey or alienate it during coverture. She is therefore not estopped by his deed or covenant of warranty from maintaining this action for its recovery.

Judgment affirmed.