Merz et ux. *v.* Brady, Appellant.

Argued March 20, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Lewis C. Walkinshaw,* for appellant.

*Albert H. Bell,* with him *J. Clarke Bell,* for appellees.

PER CURIAM, April 10, 1933:

Mary Helen Daugherty Merz, one of the appellees, reached her majority December 24, 1928. Under the terms of the will of her mother, who died April 5, 1929, she became the owner of real estate, the subject-matter of this controversy. On December 16, 1929, she married Anthony A. Merz, the other appellee. By deed dated April 9, 1930, she conveyed the real estate in question to appellant under her maiden name without the knowledge or joinder of her husband and without disclosing to her counsel, the scrivener of the deed, the fact that she was then under coverture. The husband avers that upon learning of this transaction he refused to join in the conveyance when requested to do so, and subsequently, together with his wife, filed the bill in this case to have the deed declared void and to obtain an accounting of the rents and profits. The court below entered a decree requiring defendant to reconvey the property in question and to file an account indicating the amounts received as rental or otherwise and also a detailed account of the moneys expended by her for taxes, maintenance and repairs of the property, as well as an account of the moneys loaned by defendant to plaintiff, which loans were to be secured by the conveyance of April 9, 1930. From this decree defendant has appealed.

Section 2 of the Act of 1893, P. L. 344, provides: "Hereafter a married woman......may not execute or acknowledge a deed or written instrument, conveying or mortgaging her real property, unless her husband join in such mortgage or conveyance." See also Bingler v. Bowman, 194 Pa. 210. It is apparent that appellant acquired no valid title to the property in question by the deed of April 9, 1930, and that the court below was clearly right in ordering a reconveyance. Appellant argues that the bill of complaint merely asked that the deed be declared void and that consequently the lower

court erred in ordering a reconveyance and an accounting. This argument is entirely unavailing. As stated in the opinion of the court in banc, "in the present case the deed is of no effect and the plaintiffs are entitled to have the same corrected on the record by deed from the defendant in order to remove a cloud upon the title to their property. However,......the plaintiff must do equity by reimbursing defendant for moneys expended in caring for the property and by returning to the defendant moneys loaned to the plaintiff and secured by the conveyance of the real estate."

The decree of the court below is affirmed, the costs to be in the discretion of the lower court at the final disposition of these proceedings.