Bosses et al., Appellants, *v.* Mahalsky et al.

Argued May 23, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Arthur H. James,* with him *Israel T. Klapper,* for appellants.

*Carl Carey,* with him *John F. Boyle,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 26, 1950:

This is an appeal from the final decree of the Court of Common Pleas of Luzerne County dismissing plaintiffs' complaint in equity seeking specific performance of an option to purchase certain property.

On June 28, 1945, Lillian Mahalsky, a married woman, leased to the plaintiffs, "all that certain building known as Mahalsky's Garage, situate 218-220 South Main Street, Duryea Borough, Luzerne County, Pa." This lease contained a provision giving the lessee an option to purchase the described premises. The lease was not signed by the lessor's husband. The

plaintiffs' complaint sets forth certain acts by the husband, Norman Mahalsky, as constituting an equitable estoppel. The facts allegedly constituting such estoppel are denied by the defendants and the chancellor found that there was no estoppel.

The plaintiffs gave timely notice to the defendants of their exercise of their option to purchase. A deed was tendered but was solely executed and acknowledged by the wife, the husband refusing to join therein although requested to do so by his wife. This deed was refused, whether because of the non-joinder of the husband or because of a reservation in the deed or both is not clear. Shortly thereafter the appellants filed this bill for specific performance. Before the trial the wife, Lillian Mahalsky, died and by her will, duly probated, she devised all of her real estate to her two sons, the substituted defendants.

The Act of June 8, 1893, P. L. 344, Section 2, as amended by the Acts of May 17, 1945, P. L. 625, section 2, of April 11, 1947, P. L. 60, section 1, and of May 31, 1947, P. L. 352, section 1, 48 PS 32, provides, "Hereafter a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing, or otherwise, but she may not execute or acknowledge a deed, *or other written instrument,* conveying her real property, unless her husband join in such conveyance . . ." (emphasis supplied). It is clear that the words "or other written instrument" cover an attempt to convey an equitable title by option. Unless the plaintiffs can show an enforceable equitable title they cannot compel performance of the option granted by Mrs. Mahalsky during coverture.

The appellants present three arguments in support of enforceability of the option: (1) that there is an equitable estoppel as against the husband, (2) that the husband by electing to take under his wife's will, al-

though she disposed of her property solely to her sons, has renounced all interest in her estate, (3) that the wife's devisees by offering to convey the premises in the same manner as did the wife have thereby recognized the validity of the option agreement.

That a married woman does not have capacity either to contract for the sale of her land or to convey it except in the manner prescribed by statute has been the rule since the inception of the Commonwealth: see *Glidden v. Strupler,* 52 Pa. 400 and *Haines Trust,* 356 Pa. 10, 50 A. 2d 692, and cases there cited. It is urged by the appellants that the cases of *Jourdan v. Dean,* 175 Pa. 599, 34 A. 958, and *Haines Trust,* 356 Pa. 10, 50 A. 2d 692, have modified the rule so that such conveyance is not absolutely void but merely *voidable.*

In *Jourdan v. Dean,* supra, we approved a holding that a deed by a married woman, not joined in by her husband, was not absolutely void. The reason for this seeming departure was set forth at page 611 as follows: "The application of the principle announced above to the case in hand is not prevented by the cases of Richards v. McClelland, 29 Pa. 385; Keen v. Coleman, 39 Pa. 299; Rumfelt v. Clemens, 46 Pa. 455; Glidden v. Strupler, 52 Pa. 401; Williams v. Baker, 71 Pa. 476; Buchanan v. Hazzard, 95 Pa. 240; Stivers v. Tucker et al., 126 Pa. 74, which are relied on by plaintiff's counsel and have been carefully examined by us.

"These cases and the many kindred ones in this state ought to be sufficient to prevent any further attempt to defeat the interest of married women in real estate by any acts or declarations of themselves short of the mode pointed out by statute. They are authority for the rule that 'a married woman's deed is absolutely void, and she cannot be estopped by any subsequent act of ratification short of a new deed subsequently acknowledged in the form required by statute;' and, as stated in Glidden v.

Strupler, supra, 'the contract to convey being absolutely void, because of the incapacity, its ratification is equally forbidden, unless by deed in the mode prescribed by the statute.' But it must be observed that all the cases mentioned above have reference to acts done while coverture remained, and the principles announced in all of them as general propositions, that contracts void under the disability of coverture cannot be validated by estoppel, refer to the facts of the particular cases wherein the acts relied upon were during coverture, and therefore do not apply to a woman sui juris by reason of discoverture. This brings us to the consideration of the cases where a ratification has been claimed of deeds, etc., void because of coverture by acts done after removal of disability."

A careful examination of *Haines Trust* also shows that in order to validate such deed it was necessary that there occur an act of ratification *by the grantor* following discoverture. Whether we use the word void or voidable in describing a deed executed solely by a wife during coverture is immaterial. The settled rule is that such deed is defective; it cannot be used as a basis of title, legal or equitable, unless and until either the husband actually joins in executing such deed in the form prescribed by statute or until the incapacity imposed by coverture is removed and the defect cured by some act of the wife indicating her election to exercise her new power to solely execute the deed.

In this case the disability of coverture was never removed and there could have been no ratification until such time. The wife could have affirmed her act *after her husband's death,* but she did not; with Mrs. Mahalsky's death it became impossible for the contract to be thereafter ratified. The option was defective and this defect, by the optionor's death, became incurable; the optionor's devisees therefore took title free and clear of any claim by the optionees. Again it may be noted that

Mrs. Mahalsky had a right to disaffirm the conveyance: *Haines Trust*, 356 Pa. 10, 50 A. 2d 692, and that was effectively done when she resisted the plaintiffs' action for specific performance.

No acts of the husband could serve to set aside, via equitable estoppel, the statutory method whereby an enforceable option to purchase can be created in a wife's sole real estate. Compare *Innis v. Templeton*, 95 Pa. 262, and *Glidden v. Strupler*, 52 Pa. 400, holding that the doctrine of equitable estoppel cannot be invoked as against the wife to breathe life into an otherwise void contract whether such estoppel be by the making of valuable improvements or by payment of the purchase price.

That the husband elected to take under the will is irrelevant to the inquiry whether the option is enforceable as against the devisees of the lessor, her children. Accepting appellants' analogy that such election was tantamount to the husband's death they fail completely to show that after such election there was a ratification or that an option was then granted. The appellants have constantly overlooked the fact that any claim they may have against the defendant-devisees must follow from an enforceable claim against the devisor. Since the option could not be enforced against Mrs. Mahalsky it is not enforceable against her devisees. Acts by third persons, not agents of the devisees or their predecessor in interest, could not affect their rights.

The devisees in their petition for leave to file additional answers to the plaintiffs' complaint incorporated by reference a letter which, inter alia, recited the following: "We, the undersigned, and our respective spouses are ready and willing to convey to you the premises you leased on June 28, 1945 by a general warranty deed containing the same description as that executed by our mother on August 28, 1946, . . ." The contention that this constituted a recognition of plaintiffs' option

is not supported by the language quoted or the law. This was an offer to sell certain real estate; when rejected its efficacy ended.

The disability of a married woman during coverture has been so thoroughly settled a doctrine in this Commonwealth that we will not permit it to be weakened by equities in any particular case. Even if it were conceded that the conditions and reasons which underlay the rule have ceased to exist, such determination and change is for the legislature. By the Act of February 24, 1770, 1 Sm. L. 307, a wife was protected against her husband by requiring an examination "separate and apart from her husband" and that there be made known to her "the full contents of such deed or conveyance" and that she declare that she acted without coercion or compulsion by her husband. It is true that those requirements were abolished by the Act of April 4, 1901, P. L. 67, section 1, 21 PS 82. Nevertheless there still exists the limitation on the wife's power to convey without the joinder of her husband.

It is unnecessary to discuss questions of interpretation of the other portions of the lease and questions of practice which have been raised by appellants.

The decree of the court below is affirmed at the cost of appellants.