## Collins v. Bair

*P. H. Fierro*, for plaintiff.

*Thomas Quinn*, for defendant.

GREEVY, J., October 5, 1956.—This controversy involves the ownership of a house and lot situate in Loyalsock Township, Lycoming County, more particularly described in the complaint in ejectment, paragraph 3.

Grace C. Collins, plaintiff, a married woman, instituted these proceedings to recover possession of the

land in question. Marjorie L. Bair, defendant, in addition to her answer, sets forth a counterclaim for the amount of money that she has expended or contracted for in making necessary repairs and improvements to the property.

The parties, by stipulation, agreed that trial by jury be dispensed with and the case submitted to the court for decision. Last argument by counsel was heard by the court on September 19, 1956.

From the testimony we make the following

## Findings of Fact

1. Plaintiff, Grace C. Collins, is a married woman residing in Paterson, N. J.

2. Defendant, Marjorie L. Bair, is a resident of Montoursville, R. D. 2.

3. That under date of February —, 1955, Grace C. Collins entered into an agreement with Marjorie L. Bair, granting Marjorie L. Bair an option to purchase "certain premises situate on Sand Hill, R. D. 2, Montoursville, Lycoming County, Pa., consisting of 100 feet frontage by 150 feet depth and having erected thereon a new ranch-type bungalow", upon certain conditions.

4. That Marjorie L. Bair went into possession of the property on February 15, 1955, and at that time did not have knowledge that Grace C. Collins was a married woman.

5. That on or about May 10, 1955, Grace C. Collins wrote Marjojrie L. Bair that she had nothing more to say or do in regard to the property as it was her, Grace C. Collins, husband's money that was in the house.

6. That on May 18, 1955, J. C. Collins, husband of Grace C. Collins, wrote Marjorie L. Bair, stating, "If you desirie to purchase the house you may do so by making a down-payment of $6700 immediately and

the balance of $7800 at the closing, which would have to be within nine weeks".

7. That on June 6, 1955, Marjorie L. Bair was served with the complaint in this action in ejectment.

8. That between February 15, 1955, and June 6, 1955, Marjorie L. Bair expended or contracted for improvements or repairs to the property in the following amounts: Almwood Hardware, $46.25; Fred Pfeiffer, $41.76; Roy L. Hagerman, $360; Ellery Nau, $46.93; Williamsport Venetian Blind Company, for storm windows and doors, $781.74; Susquehanna Supply Co., $59.17; John R. Shaible (Universal Atlas), $200.05; C. W. Stuart, $101.02, or a total of $1,636.92.

9. That subsequent to June 6, 1955, defendant expended, or contracted for improvements or repairs to the property in the following amounts: Chaapel's Seed Store, $38.50; Keebler Feed Store, $14.52; Susquehanna Supply Co., $7.38; Fred Bausinger, $17; William E. Winner, $554; Williams & Heath, $29.50; Weaver, $26; Williamsport Venetian Blind Co., for carport and iron work, $753.38.

10. That defendant expended for electrical switch box, jack, grass seed, lock, etc., about $357.05, for which no itemized proof nor dates was offered.

11. That defendant subsequent to June 6, 1955, purchased venetian blinds for the premises from Roy Belcher, in the amount of $188.10.

12. That Grace C. Collins, plaintiff, is the owner in fee simple of the property in question.

13. That Marjorie L. Bair still remains in possession of the property in question.

14. That Marjorie L. Bair has made payments totaling $160 to Grace C. Collins.

15. That four checks totaling $320, made payable to Grace C. Collins and signed by Clyde D. Bair, are exhibits in this case, and the cash money was not received by Grace C. Collins.

16. That a fair rental value of the property in question from February 15, 1955, to date, averages $60 per month.

## Discussion

The Act of June 8, 1893, P. L. 344, sec. 2, as amended by the Acts of May 17, 1945, P. L. 625, sec. 2, and of May 31, 1947, P. L. 352, sec. 1, 48 PS §32, provides: "Hereafter a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing, or otherwise, but she may not execute or acknowledge a deed, or other written instrument, conveying her real property, unless her husband join in such conveyance . . ." The words "or other written instrument" cover an option such as is involved in this case.

"That a married woman does not have capacity either to contract for the sale of her land or to convey it except in the manner prescribed by statute has been the rule since the inception of the Commonwealth . . .": Bosses v. Mahalsky, 365 Pa. 184, 187.

The parties stipulated: "That Patrick H. Fierro, attorney for Grace C. Collins and Thomas S. Quinn, attorney for Marjorie L. Bair, do stipulate that the Court has full and complete jurisdiction in this matter and the Plaintiff, Grace C. Collins, be and is hereby entitled to possession of the said premises prayed for in the complaint in ejectment by virtue of the fact of the agreement entered into both parties hereto is an annulity leaving your Honor only a question raised by the Defendant's counter-claim concerning restitution and rental value after the same is properly presented before the Court".

In the instant case it is apparent that Marjorie L. Bair made valuable improvements and necessary repairs to the property of Grace C. Collins in the mistaken belief that her option to purchase was valid. Now to allow Grace C. Collins to retain the benefit of those

improvements to her property without making restitution of some kind would result in an unjust and unintended enrichment in her favor. This type of claim has been recognized by our courts.

Under the law of unjust enrichment plaintiff should be required to reimburse defendant for the money expended for valuable improvements and necessary repairs to the property which enhance its value. " '. . . a person who has been unjustly enriched at the expense of another is required to make restitution to the other': Restatement, Restitution, Sec. 1 . . . 'Incapacity to enter into a contract . . . is not in itself a defense in an action for restitution': Restatement, Restitution, Sec. 139. 'The reasons which cause incapacity to make contracts . . . do not apply to actions for restitution which are based upon unjust enrichment. It is fair that married women, insane persons and infants, even if they are not required to perform their promises . . . should be required to return benefits which they have received, at least if they are still in possession of the subject matter or its proceeds': Ibid, comment a, p. 559": General Casmir Pulaski Bldg. & Loan Association v. Provident Trust Company, 338 Pa. 198, 202.

We hold that where a person goes into possession of real estate in good faith, and under the honest although mistaken belief that the party she has contracted with is an unmarried person, and makes improvements, necessary repairs or other expenditures upon the property in reliance upon the contract, that the real owner of the property will be compelled to pay for these improvements or necessary repairs that were made or contracted for so far as they are permanently beneficial to the estate and enhance its value. No compensation or reimbursement will be allowed, however, for moneys expended after notice is received that the real owner is a married woman and refuses to convey the property.

Plaintiff is entitled to regain possession of her land only after paying defendant what is due her for purchase money paid and for whatever expenditures she made for improvements and repairs before she was notified that the contract would not be specifically performed because the husband of plaintiff would not join in the deed. The first definite notice received in the case at bar was on June 6, 1955, when the complaint in this case was served upon defendant.

Plaintiff is entitled to a fair rental value of the property during the time that defendant was in possession and we hold that she is to be given credit therefore in the amount of $1,240, being a fair rental value from February 15, 1955, to November 5, 1956, i.e., from the time possession was entered into until date of judgment. See McCoy v. Niblick, 221 Pa. 123.

In view of the foregoing we make the following

### Conclusions Of Law

1. That this court has jurisdiction of the parties and the subject matter of these proceedings.

2. That the option agreement entered into by and between Grace C. Collins and Marjorie L. Bair is unenforceable.

3. That Grace C. Collins is entitled to possession of the property here involved.

4. That Marjorie L. Bair is entitled to be compensated for the amount of repairs and improvements that were made prior to June 6, 1955, or obligated for prior to June 6, 1955, but made subsequent thereto, that are permanently beneficial to the property and enhance its value.

5. That no reimbursement is allowed Marjorie L. Bair for repairs and improvements made or contracted for subsequent to June 6, 1955.

6. That no reimbursement is allowed Marjorie L. Bair for items set forth in findings of fact no. 10, as the proof was insufficient.

7. That no reimbursement is allowed Marjorie L. Bair for venetian blinds purchased subsequent to June 6, 1955.

8. That Grace C. Collins is entitled to receive from Marjorie L. Bair an amount that will compensate her for the time that Marjorie L. Bair was in possession of the property. This sum, to November 5, 1956, amounts to $1,240; of which $160 has been received by Grace C. Collins, leaving a balance of $1,080.

9. That the costs should be paid by defendant.

Notice of the following verdict shall be forthwith given by the prothonotary to the parties, or their attorneys, and if no exceptions are filed in the proper office within 30 days of service of such notice, judgment shall be entered thereon by the prothonotary.

## *Verdict*

And now, to wit, this October 5, 1956, the trial judge sitting as a court without a jury herewith finds that Grace C. Collins is entitled to possession of the premises involved upon the payment of $556.92, this amount being the difference between the sum of $1,636.92, the amount expended by Marjorie L. Bair for repairs and improvements as set forth in findings of fact no. 8, and the sum of $1,080, the amount allowed Grace C. Collins for loss of use of the property to November 5, 1956, as set forth in conclusions of law no. 8; Marjorie L. Bair to file proof of payment of amounts set forth in findings of fact no. 8, on or before November 5, 1956, otherwise the amount of $556.92 is to be paid into court to await distribution; possession to be surrendered to Grace C. Collins on or before November 5, 1956, conditioned upon the payment being made to Marjorie L. Bair, or payment into court, in accordance with this order; costs to be paid by defendant, Marjorie L. Bair.

*Opinion Sur Exceptions*

PER CURIAM, January 10, 1957.—Plaintiff, Grace C. Collins, instituted these proceedings to recover possession of a piece of land situate in Loyalsock Township, Lycoming County. Marjorie L. Bair, defendant, set forth a counterclaim for the amount of money that she expended and contracted for in making repairs and improvements to the property. The parties, by stipulation, agreed that trial by jury be dispensed with and the case submitted to the court for decision.

After hearing, the trial judge, Judge Charles F. Greevy, made findings of fact, conclusions of law and rendered a verdict. Defendant filed eight exceptions to the findings of fact and conclusions of law, two of which have been withdrawn. The remaining exceptions are to the court's failure to allow reimbursement of $525 to defendant for concrete work contracted by her with William E. Winner, the court's refusing reimbursement of $188.10 for venetian blinds purchased from Roy Belcher and to the court allowing plaintiff fair rental value for the property from February 15, 1955, to June 6, 1955.

In reviewing the exceptions we make no modifications to the findings of fact, conclusions of law and order made by the trial judge, and we order judgment entered according to the decision previously filed.

In accordance with the above, we make the following

### Order

And now, January 10, 1957, the exceptions filed by defendant to the findings of fact and conclusions of law of the trial judge are overruled and judgment is directed to be entered according to the decision previously filed by the trial judge.