## McCool v. Epps

*A. Benjamin Scirica*, for plaintiffs.
*Kirke Bryan*, for defendants.

DANNEHOWER, P. J., February 26, 1959.—This case comes before the court en banc on defendants' preliminary objections by way of demurrer to a complaint in equity, seeking specific performance of an option to purchase real estate by a married woman alone under section 2 of the Act of June 8, 1893, P. L. 344, 48 PS §32, as amended.

The admitted facts reveal that on December 15, 1953, plaintiff entered into a written lease agreement for certain premises and the lease contained an option to purchase during the term of the lease, five years, for the price of $12,000. At the time of the lease and option agreement, defendant wife, Anne Epps, was the sole owner of the real estate and she alone signed the agreement without her husband's joinder.

In July 1958, plaintiff exercised the option by written notice and defendants refused to convey. In the meantime the legislature repealed the Act of 1893, and by the Act of July 15, 1957, P. L. 969, 48 PS §32.1, gave to married women the same right and power as a married man, to acquire, own, possess, control, use, convey, lease or mortgage her property.

Plaintiff contends that an option to purchase real estate is not a conveyance, either legal or equitable, or other written instrument, but is simply an unaccepted and unexercised offer to convey and was not barred by the Act of 1893, and that after the married woman's disability had been removed and repealed by the Act of 1957, the option was exercised when the married woman had the right to convey and contract and that said option ripened into a valid and enforceable agreement. With this contention we cannot agree.

The Act of June 8, 1893, P. L. 344, sec. 2, 48 PS §32, provides:

"Hereafter a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing, or otherwise, which is necessary, appropriate, convenient or advantageous to the exercise or enjoyment of the rights and powers granted by the foregoing section, but she may not become accommodation indorser, maker, guarantor or surety for another, and she may not execute or acknowledge a deed, *or other written instrument*, conveying or mortgaging her real property, unless her husband join in such mortgage or conveyance." (Italics supplied.)

Bosses v. Mahalsky, 365 Pa. 184, at page 186, holds: "It is clear that the words 'or other written instrument' cover an attempt to convey an equitable title by option." We think this case rules the facts of the case now before us that under this act a married wom-

an did not have capacity to grant an enforceable option to purchase her real estate and such option was void. See Collins v. Bair, 10 D. & C. 2d 399 (1956).

Nor do we find that the Act of 1957 affected the status of the alleged option because it remains void.

The Act of July 15, 1957, P. L. 969, 48 PS §32.1, provides:

"Section 1. Hereafter, a married woman shall have the same right and power as a married man to acquire, own, possess, control, use, convey, lease or mortgage any property of any kind, real, personal, or mixed, either in possession or in expectancy, or to make any contract in writing or otherwise, and may exercise the said right and power in the same manner and to the same extent as a married man.

"Section 2. Sections 1 and 2 of the act of June 8, 1893 (P. L. 344), entitled 'An act relating to husband and wife enlarging her capacity to acquire and dispose of property to sue and be sued and to make a last will and enabling them to sue and to testify against each other in certain cases,' as amended by the Act of May 17, 1945 (P. L. 625), the act of April 11, 1947 (P. L. 60), and the act of May 31, 1947 (P. L. 352), are hereby repealed.

"Section 3. The provisions of this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or action pending or to be instituted to enforce any right under the authority of any act of Assembly, or part thereof, repealed by this act.

"Section 4. This act shall become effective ninety days after its enactment."

It is clear that this Act of 1957 did not have any effect on the alleged option agreement signed in 1953, and could not breathe life into a void and unenforceable option agreement of a married woman. It still remains void.

*Order*

And now, February 26, 1959, for the foregoing reasons, the preliminary objections in the nature of a demurrer, are hereby sustained and the complaint is dismissed.